### ELIAS CURTIS *vs.* JOSEPH HEWINS.

The provision in the Rev. Sts. *c.* 61, § 2, that an "illegitimate child shall be considered as an heir of his mother, and shall inherit her estate, in like manner as if he had been born in lawful wedlock," does not apply to grandchildren. If, therefore, an illegitimate child dies before his mother, his children are not entitled to inherit her estate.

TRESPASS *quare clausum fregit.* The defendant pleaded the general issue, and filed a specification of defence, wherein he claimed title to the *locus in quo*, as his own soil and freehold. At the trial in the court of common pleas, before *Wells*, C. J., it appeared that the land, on which the trespass was alleged to have been committed, was formerly owned in fee by the mother of an illegitimate son, who died, while she was alive, leaving legitimate children, who claimed the said land, by descent from their father's mother, and conveyed the same, after she died intestate, to the defendant. The defendant thereupon contended that his title to the *locus in quo* was well sustained by the Rev. Sts. *c.* 61, § 2, which provide that " every illegitimate child shall be considered as an heir of his mother, and shall inherit her estate, in whole or in part, as the case may be, in like manner as if he had been born in lawful wedlock." The plaintiff contended that this statute provision did not apply to grandchildren of the mother of an illegitimate child, and the judge decided that it did not. A verdict was thereupon returned for the plaintiff, and the defendant alleged exceptions to the decision.

*Bishop*, for the defendant.

*Sumner*, for the plaintiff.

BY THE COURT. The decision of the court of common pleas was correct, and judgment must be entered for the plaintiff, on the verdict. *Exceptions overruled.*