JONATHAN KENT & wife *vs.* JEDEDIAH BARKER.

An illegitimate child, unintentionally omitted to be provided for in the will of its mother, is not entitled, under Rev. Sts. *c.* 62, § 21, to the share of her estate which it would have taken, under Rev. Sts. *c.* 61, § 2, if she had died intestate.

WRIT OF ENTRY to recover a tract of land in Andover, claimed by the demandants in right of the wife, the illegitimate daughter of Sarah Barker, who in her lifetime owned the demanded premises, and who died seized of the same, leaving a will, which was duly proved, in which she omitted to provide for her said daughter. The demandants claimed the premises under Rev. Sts. *c.* 62, § 21, which provide that " when any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, they shall take the same share of his estate, both real and personal, that they would have been entitled to if he had died intestate ; unless they shall have been provided for by the testator in his lifetime ; or unless it shall appear that such omission was intentional, and not occasioned by any mistake or accident." The tenant contended that this statute did not apply to illegitimate children. *Bigelow*, J. before whom the trial was had, reported the case for the consideration of the full court ; the parties agreeing that if the court should be of opinion that the statute did not apply to illegitimate children, heirs of their mother, the demandants should become nonsuit ; otherwise, the case to stand for trial.

*J. W. Perry*, for the demandants. It is true that the word " children," at common law, means " legitimate children ; " but this meaning is confined to questions of inheritance. *Cooley* v. *Dewey*, 4 Pick. 93. *Durrant* v. *Friend*, 5 De Gex & Smale, 343. *Bell* v. *Phyn*, 7 Ves. 453. 4 Kent Com. (6th ed.) 413, 417. 2 Jarm. Wills, 129–156. And in that respect, the statutes of Massachusetts have altered the common law, so far as to make an illegitimate child heir of its mother, " in whole or in part," as if legitimate, and the mother heir of her illegitimate child. *St.* 1828, *c.* 139. Rev. Sts. *c.* 61, §§ 1–3. *St.* 1851, *c.* 211. Under these statutes, " children " means " legitimate children "

of the father, and "illegitimate" as well as "legitimate children" of the mother. See *Burlington* v. *Fosby*, 6 Verm. 83; *Heath* v. *White*, 5 Conn. 228. Section 1 of the statute of descents in cases of intestacy (Rev. Sts. *c.* 61,) uses the word " children;" § 2 defines the meaning of the word so as to include illegitimate children of the mother; and the meaning thus given to the word is to be retained in construing Rev. Sts. *c.* 62, § 21, regulating the descent of estates where a testator omits to provide for a child, which is a statute on the same subject matter.

*S. C. Bancroft*, for the tenant.

THOMAS, J. The question in this case is, what is the meaning of the word " children " in Rev. Sts. *c.* 62, § 21, and whether it includes illegitimate children, as well as legitimate. It is well settled, indeed it is conceded, that at common law the words " child " and " children" mean only legitimate child and children. Illegitimate children are the children of nobody, and have no rights of inheritance. 2 Jarm. Wills, 129–156. *Cartwright* v. *Landry*, 5 Ves. 530. *Durrant* v. *Field*, 5 De Gex & Smale, 343. *Cooley* v. *Dewey*, 4 Pick. 93. Have the words acquired any other meaning in the legislation of the Commonwealth? We think they have not.

The legislature have from time to time made provisions for the benefit of illegitimate children, but by distinct separate provisions in which they are designated as such. The provincial statute of 4 W. & M., Anc. Chart. 215; the *Sts.* of 1783, *c.* 36, 1789, *c.* 2; 1805, *c.* 90, regulating the descent of estates, make no provision whatever for illegitimate children. The *St.* of 1828, *c.* 139, made the first provision for inheritance by illegitimate children as follows: " Every illegitimate child shall be considered an heir at law of its mother, and inherit as such when she shall die intestate." 'This statute applies exclusively to intestate estates. The provision, as to the share of children for whom there had been an omission to provide in the will of a parent, had existed for an hundred and twenty eight years. *St.* 12 W. 3, Anc. Chart. 351. It was reënacted by *St.* 1783, *c.* 24, § 8. The legislature in 1828 indicate no purpose to apply its provisions to illegitimate children. The statute of 1828, *c.* 139, is reënacted

in the Rev. Sts. *c.* 61, § 2, with slight change of phraseology, but none, we think, of substance. "Every illegitimate child shall be considered as an heir of his mother, and shall inherit her estate, in whole or in part, as the case may be, in like manner as if he had been born in lawful wedlock; but he shall not be allowed to claim, as representing his mother, any part of the estate of any of her kindred, either lineal or collateral." The limitation in the last clause, as to a claim by representation, is modified by *St.* 1851, *c.* 211. But this, like the *St.* of 1828, *c.* 139, is limited to cases of inheritance.

There is then no provision in the statutes, that an illegitimate child shall have any share of a testate estate, unless it be found in Rev. Sts. *c.* 62, § 21. And it can be found here, only by enlarging the legal meaning of the words "children" and "child" so as to include illegitimate children, giving to the word "children" a meaning that did not exist in the common law, and confounding what the legislature have been careful to distinguish.

There is another suggestion that seems quite conclusive. The provision of Rev. Sts. *c.* 62, § 21, applies to the omission by a testator to provide in his will for any of his children or "the issue of any deceased child." Now the second section of Rev. Sts. *c.* 61, expressly negatives the right of an illegitimate child to claim by representation. *Curtis* v. *Hewins*, 11 Met. 294. If therefore the construction claimed by the demandants were to be adopted, the issue of a deceased illegitimate child must be held to take a share of the estate where there is an omission to provide for them by will, although they would not take if the ancestor had died without a will; or else the word "children" must be held to include legitimate and illegitimate children, and the word "child," immediately following, be limited to a legitimate child.

The result is this: As at the common law illegitimate chil dren have no rights of inheritance or descent, whatever they take is by force of the statutes. The statutes have provided for cases of inheritance, for the descent of intestate estates. They have made no provision for cases where there is an omission by a testator to provide in his will for an illegitimate child. Whether

the same reasons apply to the case of an omission of an illegitimate child, and the same results should follow such omission, is a question for the legislature, and not for the court.

This decision, it will be seen, does not affect the case of an illegitimate child, when the parents marry after its birth, and the father after the marriage acknowledges the child. Rev. Sts. *c.* 61, § 4. *St.* 1853, *c.* 253. *Demandants nonsuit.*