Filed Jan. 28, 1885.

---

No. 9061.

PARKS ET AL. *v.* KIMES ET AL.

PARTITION.—*Motion to Set Aside Report of Commissioners.— Presumption.— Practice.*—Where a motion is made to set aside the report of partition commissioners, on the ground that they set off to one person more than his share of land, but no showing is made of the truth of such ground, the presumption is that it is not true in fact, and the motion should be overruled.

Parks *et al. v.* Kimes *et al.*

WILLS.—*Life-Estate.— Widow.*—Where a clause in a will provides, " I also direct that the following described land " (describing it) " to be and belong to my said wife so long as she may live," the widow takes a life-estate therein, notwithstanding a declaration in the first clause which indicates a purpose on the part of the testator to dispose of his entire estate, but which does not operate as such disposition, and notwithstanding, also, a statement in the last clause that the share of his real and personal estate given his wife should be in lieu of dower.

SAME.—*Partial Intestacy.—Reversion.—Stock of Descent.*—In such case, there being no disposition made of the estate in reversion, the same descended to the children of the testator, and if one of them died before the termination of the life-estate, his reversionary interest, if he still owned it, descended to his heirs.

DESCENT.—*Illegitimate Child.—Inheritance from Mother.*—Under section 2474, an illegitimate child, if its mother be dead, takes by inheritance from her any property or estate which she would, if living, have taken by gift, devise or descent from any other person.

From the Marshall Circuit Court.

*J. L. Cook,* for appellants.

*J. S. Frazer* and *W. D. Frazer,* for appellees.

BEST, C.—The appellees brought this action against the appellants to obtain partition of eighty acres of land in Marshall county, in this State.

Issues were formed, a trial had, a finding made for the appellees, an interlocutory judgment entered, and commissioners appointed to make partition of the land. The commissioners reported a division of the land, setting off nine acres to the appellee Penelope, after which the appellants made a motion for a new trial and a motion to set aside the report of the commissioners, both of which were overruled, and these rulings are assigned as error.

The ground of the motion to set aside the report was, that the commissioners set off to the appellee Penelope more than one-tenth in value of the land. No showing was made in support of the truth of this ground of objection, and in the absence of a showing the presumption is that it was not true in point of fact. The motion was, therefore, properly overruled. The motion for a new trial was based upon the

ground that the finding was not sustained by the evidence, and was contrary to the law.

This motion raises the question as to the right of the appellees to any portion of the land. The appellee Penelope, an illegitimate child of Mary Parks, deceased, claims the land in dispute by descent from George W. Parks, Jr., a legitimate child of her mother, and John Kimes, her husband, joins her in the suit. This claim thus arises: James Parks owned a half section of land, a part of which is in dispute, and devised the same to Elizabeth Parks, his widow, for life, as the appellees claim. In 1839, James Parks died, leaving surviving him his widow and ten children, one of whom was George W. Parks, Sr., who died intestate, in February, 1853, leaving Mary Parks, his widow, and George W. Parks, Jr., a posthumous child, surviving him as his only heirs. In September, 1857, the appellee Penelope, an illegitimate child of Mary Parks, was born, and in 1859 her mother died, leaving surviving her as her only heirs, the appellee Penelope and George W. Parks, Jr. In 1865 George W. Parks died intestate, without wife, child, father, mother, brother or sister, other than the appellee Penelope, surviving him, and in 1873 Elizabeth Parks died. Neither George W. Parks, Sr., nor his son made any disposition of the land inherited from James Parks, and after the death of Elizabeth Parks this suit was brought to recover an undivided one-tenth of the land in the complaint described.

The appellants first insist that the will of James Parks, deceased, invested Elizabeth Parks with the fee of such land, and, therefore, the appellees are not entitled to any portion of it.

The particular clause of the will which disposes of this land is in these words: " I also direct that the following described land situate in Marshall county, Indiana, to wit: The south half of section twenty (20), range four (4) east, township thirty-three (33) north, to be and belong to my said wife so long as she may live." By a prior clause the testator had

bequeathed to his wife, absolutely, all his personal property not otherwise appropriated, and by subsequent clauses other tracts of land were devised to some of his children, and legacies in money were bequeathed to others. In the first clause of the will, after directions were given as to the funeral and burial, the testator adds: "And as to such worldly estate as it has pleased God to entrust me with, I dispose of the same in the following manner," and in the last clause he declares "that the share of my real and personal estate bequeathed to my said wife shall be in lieu of her dower, if she shall so elect."

The appellants insist that the declaration of the testator to dispose of his estate and the employment of such term in the beginning and conclusion of his will indicate very strongly a purpose upon his part to dispose of his entire estate, and that when the clause by which this land was devised is read in connection with these clauses in the will, the same should be construed as giving the fee to his widow. The declaration of the testator does indicate a purpose to dispose of his entire estate, but this declaration does not of itself operate as such disposition, and there is no clause in the will which does make any disposition of the estate in reversion in the half section of land devised by the terms of the will to the widow for life. The statement of the testator in the last clause of the will, that the share of his real and personal estate given his wife shall be in lieu of dower, is not inconsistent with the clause which in express terms devises her the land for life; indeed, it does not seem to us that there is room for construction. The language employed is definite and explicit, and there is nothing in the will that contravenes it other than the declared purpose of the testator to dispose of his estate, and the fact that the balance of it was disposed of absolutely. These considerations, however, do not warrant us in ignoring the phrase " so long as she may live," inserted, evidently, for the purpose of measuring the extent of her estate, and thus construing the will so as to pass the fee. We are not unmind-

ful of the rule, that all the provisions of a will are to be read together, and that a construction which will result in partial intestacy is not to be adopted, etc., yet these rules in this case can not control an express provision which accurately defines and measures the extent of an estate devised. We, therefore, conclude that the widow took a life-estate only in such land. As no disposition was made of the estate in reversion, the same descended to the children of such testator. Section 2467, R. S. 1881; *Rusing* v. *Rusing*, 25 Ind. 63.

The appellants next insist that if the widow only took a life-estate in such land, still, as George W. Parks, Sr., died before the termination of his mother's estate, no part of the estate in reversion descended from him to his son George W. Parks, Jr., for the reason that George W. Parks, Sr., was not in possession, had not received rents, etc.; in other words, that he had no seizin of such estate, and, consequently, did not become the stock or *terminus* of an inheritance. This was the rule of the common law. 4 Kent Com. (12th ed.) p. 388. This rule, however, was founded on reasons peculiar to the feudal system, which required the conveyance of real estate to be accompanied by livery of seizin. In the transmission of title either by purchase or by descent, possession, actual by entry, or constructive by receiving rents, etc., was necessary, and without the one or the other no title vested, and, consequently, none descended. No such formality is required by our law, and, therefore, no such rule prevails with us. The title of real estate vests without such possession, and whoever dies the owner of an estate of inheritance becomes the stock of descent, and such estate descends to his heirs. Bing. Des., p. 50.

The estate in this case was not contingent, but vested, and consequently, when George W. Parks, Sr., died, the same descended to his son, from whom, at his death, it likewise descended. Bing. Des., p. 52.

The appellants also insist that if the land in dispute de-

scended to George W. Parks, Jr., it did not descend from him to the appellee Penelope, because she was an illegitimate child of his mother and had no inheritable blood.

Our statute provides that if any intestate shall die without issue, or their descendants, alive, and without brothers or sisters, the estate shall go to the father and mother, or if either be dead to the survivor. Sections 2469 and 2470, R. S. 1881.

If the mother of George W. Parks, Jr., had survived him, she would have inherited from him the land in dispute, and the appellee Penelope claims that, under section 2474, R. S. 1881, she inherits through her mother precisely as her mother would have inherited had she survived her son. This section is in these words: "Illegitimate children shall inherit from the mother as if they were legitimate, and through the mother, if dead, any property or estate which she would, if living, have taken by gift, devise, or descent from any other person." This section supports the appellee's claim. It substitutes the illegitimate child or children for the mother, and entitles such person or persons by inheritance to such property as the mother would have taken had she survived the decedent. The mother would have taken this property had she survived her son, and as she did not, the appellee, her illegitimate daughter, takes it through her by virtue of this section of the statute.

This disposes of all the questions discussed, and as no error appears in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellants' costs.

Filed Jan. 28, 1885.