MARY D. JENKINS

*v.*

THOMAS W. DRANE *et al.*

*Filed at Mt. Vernon June 20, 1887.*

DESCENTS—*in the case of illegitimates.* Our statute makes an illegitimate child capable of inheriting not only from its mother or other maternal ancestor, *but also from any person from whom its mother might inherit, if living.* The rule in this regard, as announced in *Bales et al.* v. *Elder et al.* 118 Ill. 436, is adhered to.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. WILDERMAN & HAMILL, and Messrs. TURNER & HOLDEN, for the appellant:

The first section of our Statute of Descents has no reference to illegitimates, but to legitimates only. Rev. Stat. 1874, chap. 39, sec. 1; *Blacklaws* v. *Milne,* 82 Ill. 505; *Stoltz* v. *Doering,* 112 id. 234; *Miller* v. *Williams,* 66 id. 91.

The second section of that statute applies only to illegitimates, and is a complete code in reference to the taking or transmitting, by descent, of estates by illegitimates. It has no connection with or reference to the first section. Rev. Stat. 1874, chap. 39, sec. 2; *Evans* v. *Price,* 118 Ill. 593; *McCool* v. *Smith,* 1 Black, 459.

Under the second section of our Statute of Descents, Deborah Burch, (formerly Newman,) if the illegitimate daughter of Mary Newman, who was afterwards the wife of Leonard Soper, and the mother of Milburn, could not take by descent from Milburn Soper. *Bacon* v. *McBride,* 32 Vt. 390; *Jackson* v. *Jackson,* 78 Ky. 390; *Scroggins* v. *Allen,* 2 Dana, 363; *Stover* v. *Boswell,* 3 id. 233; *Remington* v. *Lewis,* 8 B. Mon. 606; *Allen* v. *Ramsey,* 1 Metc. (Ky.) 635; *Curtis* v. *Hewens,* 11 Metc. (Mass.) 294; *Stevenson* v. *Sullivant,* 5 Wheat. 207.

Messrs. DILL & SCHAEFER, for the appellees:

The entire theory of appellant's case is that of bastardy, in the face of the fact that there is not a single witness who swears that either Deborah or Margaret was a bastard.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill of complaint in this case was for the partition of certain real estate, and an accounting for rents and profits. The bill alleges that on April 27, 1883, Milburn Soper died intestate, seized of the real estate described in the bill, leaving surviving him no widow, no child or descendant of such child, no parent, and no sister or brother; that his heirs-at-law were the descendants of his two sisters, Margaret Ridgway and Deborah Burch; that Mary D. Jenkins, as the daughter of Margaret Ridgway, was entitled to an undivided one-half of the premises, and was indebteded to the other heirs of said Soper for their share of the rents and profits of the premises, and that the descendants (naming them) of Deborah Burch were entitled to the other undivided one-half of the real estate, and partition and an accounting were prayed accordingly. The court below decreed in accordance with the allegations and prayer of the bill, and Mary D. Jenkins appealed. The claim of appellant is, that she is the only heir of Milburn Soper, deceased,—that complainants are not related to him.

It appears that Leonard Soper (Milburn Soper's father) and Mary Newman were married November 21, 1802, she then having these two children, Margaret and Deborah, who afterwards became Margaret Ridgway and Deborah Burch. At the time of the marriage Margaret was about fourteen months old, and Deborah some five years older. Milburn Soper was born July 22, 1804, and was the only child of this marriage. Deborah, aforementioned, afterwards intermarried with Thomas Burch, and there were several children of the marriage, all of whom died before Milburn Soper, leaving

children, and it is these children last named who are the complainants, being the grandchildren of Deborah Burch.

Appellant's theory is, that Deborah Burch was the illegitimate daughter of Mary Newman, whom Leonard Soper married, not legitimated by the marriage of her parents, and so her descendants can not inherit from Milburn Soper. The evidence is not satisfactory as to Deborah Burch not being the legitimate daughter of Mary Newman, but we do not find it to be necessary to pass upon the evidence in this regard, inasmuch as, conceding the fact of the alleged illegitimacy to be established, the result claimed does not follow, that the descendants of Deborah Burch can not inherit from Milburn Soper.

Our Statute of Descents (Rev. Stat. chap. 39, sec. 1,) provides that estates of resident or non-resident proprietors dying intestate, shall descend, first, to his or her children, and their descendants, in equal parts, etc.; second, when there is no child of the intestate, or descendant of such child, and no widow or surviving husband, then to the parents, brothers and sisters of the deceased, and their descendants, in equal parts among them, allowing to each of the parents, if living, a child's part, or to the survivor of them, if one be dead, a double portion; and if there is no parent living, then to the brothers and sisters of the intestate, and their descendants. Section 2 provides that "an illegitimate child shall be heir of its mother and any maternal ancestor, and of any person from whom its mother might have inherited, if living; and the lawful issue of an illegitimate person shall represent such person, and take, by descent, any estate which the parent would have taken if living."

If Milburn Soper's mother had been living at the time of his death, she would have inherited his property. She being dead, then her illegitimate child would take it, because her mother, if living, would have taken it. If Deborah Burch was an illegitimate daughter of Milburn Soper's mother, she

would inherit, through her mother, equally with the legitimate children of the mother; and the lawful issue of an illegitimate person shall represent such person, and take, by descent, any estate which the mother would have taken, if living. Such is the plain reading of the statute, and such is the construction which we have recently given to it in the case of *Bales* v. *Elder*, 118 Ill. 436. We there held, that the statute confers upon illegitimates and their lawful issue, as respects the mother and any maternal ancestor, and any person from whom the mother might have inherited if living, inheritable blood, and that, as such, they have the right of inheritance as fully as legitimate children. That case we regard as decisive of the present case. We are now asked to reconsider that decision, and it is earnestly insisted the statute should be construed to mean that an illegitimate person may inherit from any person from whom the mother would have inherited, if living, *in the descending and collateral line, such as grandparents, uncles and aunts, brothers and sisters, cousins,* etc., and that it should read as if the above italicized words were added to the first clause of said section 2.

We have given careful consideration to the able argument of appellant's counsel, but it has failed to convince us that our former construction of the statute was erroneous. We said before, that it was somewhat difficult to determine, from the language used in section 2, above named, what the real intention of the legislature was. But we felt that the words of the section, that "an illegitimate child shall be the heir of its mother and any maternal ancestor, *and of any person from whom its mother might have inherited, if living,*" were too explicit to allow coming to any other conclusion than we did. We think that to interpolate in section 2 the words which it is said should be added to it to exhibit what was the true intention, would be taking too much liberty with the language which the legislature has employed to express its meaning.

The decree will be affirmed.                    *Decree affirmed.*