HARRIET ELDER *et al.*

*v.*

CHARLES S. BALES *et al.*

*Filed at Springfield January 24, 1889.*

1. DESCENTS—*in the case of illegitimates—the statute construed.* The statute declaring that "an illegitimate child shall be heir of his mother and maternal ancestor, and of any person from whom its mother might have inherited, if living," places the illegitimate, in respect of the estate of a person from whom the mother might have inherited, if living, upon the same footing as if he were legitimate ; and in case of his death before the descent is cast upon him, his children or heirs-at-law will take the estate to the same extent he would have taken, if living.

2. An illegitimate son was born of a woman, after which she married and had born seven other children in lawful wedlock. The illegitimate son died before his mother, and after the death of his mother's husband. The mother then died, and after her decease her legitimate son died seized of real estate, leaving no issue, but one sister and the descendants of four other sisters : *Held,* that the children of the illegitimate son took one-sixth part of the estate of the deceased legitimate son, as his heirs-at-law.

3. The effect of the act of 1872, relating to descents in the case of illegitimates, is to remove the common law disability of a bastard child to inherit through its mother, or one from whom she might inherit, if living. In this respect the illegitimate is placed upon the same footing as legitimate persons, and his heirs will take, by descent, the same estate he would have inherited, if living.

APPEAL from the Circuit Court of Sangamon county ; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. CONNOLLY & MATHER, for the appellants.

Messrs. PATTON & HAMILTON, for the appellees.

Per CURIAM : This case was before us as *Bales et al.* v. *Elder et al.* 118 Ill. 436, and a construction was then given the second section of the Statute of Descents, which established the right of appellees here to participate as heirs of Hiram Walker, deceased, in the distribution of his estate.

The only question presented on this appeal, and which counsel contend was not determined and settled by the former opinion, is, what share or portion do appellees, descendants and heirs-at-law of Hampton D. Bales, the illegitimate son of the mother of said Hiram Walker, deceased, take in his estate.

The father and mother of Hiram Walker died prior to his decease, and he having died intestate, leaving no widow or issue, or descendants of issue, it is settled by the former decision that appellees take as heirs of Hiram Walker, deceased. It would seem from the language employed that there could be no controversy as to the holding upon that subject. We then said: "The language of the act, 'an illegitimate child shall be heir of his mother and maternal ancestor, and of any person from whom its mother might have inherited if living,' fixes the status of the illegitimate. It makes him an heir, and, as such, he is vested with all the rights, powers and privileges of a legitimate person, who may be an heir standing in the same degree of relationship." The construction thus placed on the statute gave it the effect of removing the common law disability of inheritance through the mother, and in respect of the right of inheritance in the instances within the statute, from all persons from whom the mother might inherit, if living, the illegitimate was placed upon the same footing as legitimate persons. We then said, if Hampton D. Bales had been living at the death of said Walker he would have been one of the heirs, "but as he was dead, the statute goes further, and provides that the lawful issue of an illegitimate person shall take, by descent, any estate which the parent would take if living,"—and held that appellees here would inherit that portion which their father, Hampton D. Bales, would have taken if living at the death of said Walker. Hampton D. Bales, if then living, would not have taken as heir of the mother of himself and said Walker, but as heir of the latter, and would be entitled to the share or portion cast upon those standing in the same degree of relationship.

There is no question that said Bales was the natural brother, of the half-blood, of the said Hiram Walker. By the common law, the illegitimate, not having inheritable blood, could not take, but the statute, as construed in this case *supra* and in the subsequent case of *Jenkins* v. *Drane et al.* 121 Ill. 217, confers upon illegitimates and their lawful issue, inheritable blood, as respects the mother and any maternal ancestor, or other person from whom the mother might inherit if living, thus placing the illegitimate, in respect of the estates of such persons, upon the same footing as if they were legitimate. If Hampton D. Bales had been the legitimate son of Sarah Walker by a former or other husband, he would have been a brother of the said Hiram of the half-blood. The distinction between the whole and half-blood being abolished, he would take of his half-brother's estate an equal share with the sisters of the whole blood. The effect of the statute under consideration is to produce exactly that result in respect of his right of inheritance. In all respects the said Bales, if living at Walker's death, would, through the inheritable blood transmitted from the mother, become the heir of said Walker, in all respects, as if he were a brother of the whole blood.

If the construction we have given this statute is to obtain, and we perceive no reason for departing therefrom, it necessarily results that Hampton D. Bales, if living at Walker's death, would have taken one-sixth of the latter's estate, and he having died previous to said Walker, the right was, by virtue of the statute, transmitted to appellees, his lawful issue.

The decree of the circuit court made partition of the lands of which said Walker died seized, in accordance with the views here expressed, and will accordingly be affirmed.

*Decree affirmed.*