DANIEL MARTLEY ET AL., APPELLANTS, V. WILLIAM MARTLEY ET AL., APPELLEES.

FILED SEPTEMBER 21, 1906.   No. 14,362.

Wills: CONSTRUCTION. When there is an irreconcilable repugnancy between the clauses of a will, the later will prevail over the earlier. Such a repugnancy will not be raised by construction, but the instrument will, if possible, be so interpreted as to give effect to all its provisions.

APPEAL from the district court for Dodge county: JAMES G. REEDER, JUDGE. *Reversed with directions.*

*George L. Loomis,* for appellants.

*F. W. Button, contra.*

AMES, C.

In 1882 William Martley died in Dodge county, in this state, the owner of a tract of land situate in that county, and leaving a will, afterwards duly admitted to probate, of which the following is a copy of so much as pertains to this litigation: "The property of which I am possessor, I bequeath in the following manner, to wit: I do give to my beloved wife, Catherine Martley, the one hundred and twenty acres which she shall possess during her life, and at her 'death shall revert to the children of whom we are father and mother, and in case she marries will only be entitled to her proper share, thus giving the children the sole control of their share. The personal property to be kept for the children except when it is necessary to be sold to pay expenses. I do hereby order that no part of my property, real estate or personal shall be given to my son, William, except one dollar which I do freely give him. The real estate is to be divided among the boys, William excepted." On the final settlement of the estate in 1883, the county judge entered an order adjudging the fee of the land to be, in equal parts, in four sons of the deceased, not including William, who was and is admitted to have been expressly excluded by the terms of the instrument. Several daughters of the testator and his wife Catherine also survived him, and the foregoing construction of the will by the county court seems to have been acquiesced in by all parties until shortly before the beginning of this suit, but the life tenant continued to occupy the premises, so that the sons named in the order have not entered into possession. In 1903 this action was begun by the four sons to quiet title in the fee of the land in themselves as against all the other heirs at law of the testator, who, it is alleged, are claiming ownership in the same as devisees

under the will.    The defendants, except William, who
made default, answered by way of cross-bill, asserting such
ownership.    There was a reply which raised no essential
issue, and there being no dispute of fact the cause was
submitted to the court upon the pleadings, the object being
to obtain a construction of the will.    The district court
adjudged that all the children of the testator who survived
him, except William, acquired equal interests in the land
as devisees.

The sole question is whether there is an irreconcilable
repugnancy between the first and the last of the above
quoted clauses of the will, it not being disputed or doubted
that, if there is such, the last will prevail.    *Griffin v.
Pringle,* 56 Ala. 486; *Parks v. Kimes,* 100 Ind. 148;
*Jordan v. Woodin,* 93 Ia. 453; *Covert v. Sebern,* 73 Ia.
564; *Davis v. Boggs,* 20 Ohio St. 550.    To our minds, the
question is one of such extreme doubt and obscurity that
we are unable to solve it satisfactorily.    It is a cardinal
rule that repugnancy is not to be raised by construction,
but the argument of counsel for defendants and appellees
that there are no words of gift or devise in the last clause,
but that such are to be found in the first clause only,
by the terms of which, if it stood alone, the estate would
have devolved in equal shares upon all the children, and
that effect may be given to the last clause by supposing it
to have been intended solely to emphasize the preceding
exception of William, does not strike us convincingly.
Technical words are not always of controlling force in the
construction of a will, and there appears to us to have been
no occasion for emphasizing the preceding sentence, which
is free from ambiguity or the possibility of misinterpreta-
tion, and by which William is expressly excluded from all
participation in the estate of the testator, except the nom-
inal sum of $1.    Is it not at least equally or, rather, more
probable that by the last clause the testator intended to
except his daughters as well as William from participation
in the land which was the family homestead?    To confine
the last clause to the mere office of emphasis is to give it

no legal meaning at all, and to assign it to no obvious purpose or intent of the testator; but to suppose it to have been intended to express an exception, is at once to raise it to dignity and importance and to satisfy another elementary rule of testamentary construction, to wit, that every provision of the will shall, if possible, be given effect. On the whole, this view more nearly satisfies our minds than does that adopted by the learned trial judge, and we therefore recommend that the judgment of the district court be reversed and the cause remanded, with instructions to enter a decree in accordance with the prayer of the petition.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with instructions to enter a decree in accordance with the prayer of the petition.

JUDGMENT ACCORDINGLY.