## JACKSON, ADMINISTRATOR, *v.* HOCKE.

[No. 21,232. Filed May 26, 1908. Rehearing denied December 10, 1908.]

1. PARENT AND CHILD.—*Bastards.*—*Descent.*—At the common law an illegitimate child was not considered as the son of any one, and, therefore, could not be an heir.  p. 372.

2. STATUTES.—*Construction.* — *"Child."* — *"Children."* —The words "child" and "children," when used in a statute, import, *prima facie,* a legitimate child, or children.  p. 373.

3. DESCENT AND DISTRIBUTION.—*How Governed.*—*Decedents' Estates.*—The descent of property, in Indiana, is governed wholly by statute.  p. 373.

4. SAME.—*Stepfather to Illegitimate Children.*—Neither a legitimate, nor an illegitimate child, can inherit from its stepfather.  p. 374.

5. SAME.—*When to Brothers and Sisters and Their Descendants.*— Under §§2992, 2993 Burns 1908, §§2469, 2470 R. S. 1881, the property of an intestate, where he leaves no wife, child, father or mother, descends to his brothers and sisters and their descendants.  p. 376.

6. STATUTES.—*Construction.*—*In Pari Materia.*—Statutes on the same subject, and passed at the same session, should be construed *in pari materia.*  p. 376.

7. SAME.—*Construction.*—*Intention.*—*Words.*—The meaning of a statute should be gathered from an examination of the whole statute; and such meaning should prevail over the literal import of particular terms used, when a construction according to the strict letter would lead to injustice or contradictions.  p. 376.

8. SAME.—*Construction.*—*History.*—The history of the times should be examined in construing an act.  p. 376.

9. SAME.—*Descent.*—*Husband and Wife.*—In so far as there is any conflict between §§2990-2994, 3028 Burns 1908, §§2467-2471, 2490 R. S. 1881, and other sections of the same act making provisions for a surviving husband or wife, such conflict is removed by §3012 Burns 1908, §2481 R. S. 1881, which provides: "Every rule of descent or distribution prescribed by this act shall be subject to the provisions made in behalf of the surviving husband or wife of the decedent."  p. 377.

10. SAME.—*Descent.*—*Illegitimate Children.*—Section 2998 Burns 1908, §2474 R. S. 1881, providing that illegitimate children shall inherit from their mother the same as if legitimate, abolishes the common law disability of illegitimate children to inherit from the mother.  p. 377.

From Marion Circuit Court; *Henry Clay Allen,* Judge.

Final report of Sylvanus Jackson, as administrator of the estate of William A. Jackson, deceased, to which Pearlie B. Hocke files exceptions. From a judgment for the exceptor, the administrator appeals. Transferred from Appellate Court under §1399 Burns 1908, Acts 1901, p. 565, §15. (See 41 Ind. App. 711.)  *Reversed.*

*L. P. Harlan, Harding & Hovey* and *O. U. Newman,* for appellant.

*Thomas A. Daily* and *Elias D. Salsbury,* for appellee.

MONKS, J.—It appears from the record that appellee was the illegitimate child of Clara I. Hoover, who afterwards, in 1895, was married to appellant's intestate, William A. Jackson. In 1905 said Clara I., wife of said Jackson, died, and afterwards in the same year William A. Jackson, not having remarried, died intestate in this State, leaving no widow, no child or children or their descendants, no father or mother, but left brothers and sisters and their descendants, surviving him. Appellee survived the intestate, and claimed in the court below that she inherited all of his estate under §2998 Burns 1908, §2474 R. S. 1881, to the exclusion of the brothers and sisters of said intestate and their descendants. This contention was sustained by the court below, and judgment rendered accordingly.

If appellee's said contention is correct the judgment must be affirmed; otherwise, it must be reversed.

At common law an illegitimate child was considered the "son of nobody; and sometimes called *filius nullius* (the son of no one), sometimes *filius populi* (the son 1. of the people)." 1 Blackstone's Comm., *459. See 2 Kent's Comm., *211, *212; 5 Cyc., 639-643; Bingham, Descents, 419; *Blacklaws* v. *Milne* (1876), 82 Ill. 505, 25 Am. Rep. 339; *Simmons* v. *Bull* (1852), 21 Ala. 501, 56 Am. Dec. 257 and note on pages 258, 261-265. It is said in 1 Blackstone's Comm., *459, that a bastard "cannot be heir to any one, neither can he have heirs, but of his own body; for being *nullius filius,*

he is therefore of kin to nobody, and has no ancestor from whom any inheritable blood can be derived.''

It is a rule of construction that, *prima facie*, the words ''child,'' ''children,'' or other terms of kindred, when used either in a statute or will, mean legitimate child, children or kindred only, and not illegitimate child, children or kindred. 5 Cyc., 640; Bingham, Descents, 483; *McDonald* v. *Pittsburgh, etc., R. Co.* (1896), 144 Ind. 459, 461, 32 L. R. A. 309, 55 Am. St. 185, and authorities cited; *Blacklaws* v. *Milne, supra; McCool* v. *Smith* (1861), 1 Black (U. S.) 459, 17 L. Ed. 218; *Kent* v. *Barker* (1854), 68 Mass. 535; *Curtis* v. *Hewins* (1846), 52 Mass. 294; *Croan* v. *Phelps's Admr.* (1893), 94 Ky. 213, 21 S. W. 874, 23 L. R. A. 753 and note on pages 754-758.

The descent of property, however, in this State is governed by statute, and the sections proper to be considered in this case (§§2990-2994, 2998, 3028 Burns 1908, §§2467-2471, 2474, 2490 R. S. 1881) are as follows:

''§2990. The real and personal property of any person dying intestate shall descend to his or her children in equal proportions; and posthumous children shall inherit equally with those born before the death of the ancestor.

''§2991. If any children of such intestate shall have died intestate, leaving a child or children, such child or children shall inherit the share which would have descended to the father or mother; and grandchildren and more remote descendants and all other relatives of the intestate, whether lineal or collateral, shall inherit by the same rule: Provided, that if the intestate shall have left, at his death, grandchildren only, alive, they shall inherit equally.

''§2992. If any intestate shall die without lawful issue or their descendants alive, one-half of the estate shall go to the father and mother of such intestate, as joint tenants, or, if either be dead, to the survivor, and the other half to the brothers and sisters and to the descendants of such as are dead, as tenants in common.

"§2993. If there be neither father nor mother, the brothers and sisters of the intestate living, and the descendants of such as are dead, shall take the inheritance as tenants in common. If there be no brothers or sisters of the intestate or their descendants, the father and mother shall take the inheritance as joint tenants; and if either be dead, the other shall take the estate.

"§2994. If there be no person entitled to take the inheritance according to the preceding rules, it shall descend in the following order: [Here follow provisions that the same shall descend to the paternal or maternal line according to the facts there set forth.]"

"§2998. Illegitimate children shall inherit from the mother as if they were legitimate, and through the mother, if dead, any property or estate which she would, if living, have taken by gift, devise, or descent from any other person."

"§3028. If a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor."

It is insisted by counsel for appellee that Clara I. Jackson, the mother of appellee, if she had survived her husband, William A. Jackson, appellant's decedent (there being no child or children or their descendants, or father or mother) would have inherited all of his property under §3028, *supra;* that as said Clara I. Jackson did not survive her said husband, appellee, her illegitimate child, who did survive him, inherited, by right of representation through her said mother, all of his property, under §2998, *supra,* to the exclusion of his brothers and sisters and their descendants. To sustain this insistence counsel for appellee say that §2998, *supra,* confers upon illegitimates inheritable blood, as respects the mother and any maternal ancestor, and any person from whom the mother might have inherited, if living, and as such they have the right of inheritance as fully as legitimate children, the ob-

ject of the statute being to remove the common-law disability of inheritance through the maternal line, and in that regard to place such persons upon the same footing as legitimate persons; that said section simply permits the illegitimate child to take by representation through its mother, the same as §2991, *supra,* permits the legitimate child to take by representation through both father and mother. This argument, however, does not sustain the contention that appellee, the illegitimate child of Clara I. Jackson, inherited under §2998, *supra,* all of the property of appellant's decedent, to the exclusion of his brothers and sisters and their descendants, because, if she was the legitimate child of Clara I. Jackson by a former husband, she would not under §2991, *supra,* have inherited through her said mother any of said decedent's property.

Under §2991, *supra,* children (and this, under the rule already stated, means legitimate children) and their descendants only inherit through the father and mother what they (the father and mother) would have inherited, if living, through consanguinity—that is from blood relatives. If a wife dies leaving a husband, and also children by a former husband, surviving her, such former husband's children by her cannot, under §2991, *supra,* or any other provision of the law concerning the descent of property in this state, inherit, through said mother or otherwise, any property from said mother's last husband, their stepfather. Under our laws of descent children take nothing by descent from their stepfather or stepmother, if they survive them, although their father, if he survived their stepmother, would inherit from her, and their mother, if she survived their stepfather, would inherit from him.

It is evident that the construction of §2998, *supra,* contended for by appellee and sustained by the court below, would give an illegitimate child greater rights of inheritance through its mother than are given to legitimate children by our laws of descent.

Sections 2992, 2993, *supra,* provide that the property of an intestate shall be inherited by his living brothers and sisters and the descendants of such as are dead, when

5.  he leaves no children or their descendants and no father or mother surviving him. As the decedent in this case left brothers and sisters and their descendants surviving him, but no children or their descendants and no father or mother, they were entitled to inherit his property under §§2992, 2993, *supra,* if we give effect to the express language of said sections.

Sections 2990-2994, 2998, 3028, heretofore set out, were with other sections enacted in the same act in 1852, and have been in force since May 6, 1853; and under well-

6.  settled rules of construction must be construed in connection with each other, as well as with all the other sections of said act, so as to produce a harmonious whole. 2 Lewis's Sutherland, Stat. Constr. (2d ed.), §368.

As was said by this court in *Lime City Bldg., etc., Assn.* v. *Black* (1894), 136 Ind. 544, on page 555: "The intent of a statute, as collected from an examination of the

7.  whole and all its parts, will prevail over the literal import of particular terms, and control the strict letter of such terms when the letter would lead to injustice and contradictions. *Mayor, etc.,* v. *Weems* [1854], 5 Ind. 547; *Zorger* v. *City of Greensburg* [1877], 60 Ind. 1; *Storms* v. *Stevens* [1885], 104 Ind. 46; *Stout* v. *Board, etc.* [1886], 107 Ind. 343; *Woods* v. *State* [1893], 134 Ind. 35; Sutherland, Stat. Constr., §322."

In *State, ex rel.,* v. *Roby* (1895), 142 Ind. 168, 33 L. R. A. 213, 51 Am. St. 174, this court, on page 182, said: "In construing an act the court ought to examine the his-

8.  tory of the times so as to relieve from the mischief and accomplish the purpose of the act. Maxwell, Interp. of Stat. (2d ed.), 133, 318, 333, 345; Potter's Dwarris, Statutes, 240, 247, 262; Sutherland, Stat. Constr., §§234, 235, 241, 246, 349, 354, 356. In *Stout* v. *Board, etc.* [1886],

107 Ind. 343, at page 347, it was said: 'The legislative intention, as collected from an examination of the whole, as well as the separate parts, of a statute, will prevail over the literal import of particular terms, and will control the strict letter of the statute where an adherence to such strict letter would lead to injustice, to absurdity, or contradictory provisions.' " In *Krug* v. *Davis* (1882), 87 Ind. 590, on page 596, this court said: "In one of our earlier cases it was said: 'In statutory exposition, the reason, the spirit, the intention of the law is above the mere cavil about words. The chief thing to be explored is the intention. This the judiciary is to seek in the history of legislation, in the objects contemplated, the evils to be corrected, and the remedies provided.' *Spencer* v. *State* [1854], 5 Ind. 41. This principle has been many times approved and acted upon by this court. *Hedrick* v. *Kramer* [1873], 43 Ind. 362; *Clare* v. *State* [1879], 68 Ind. 17; *State, ex rel.,* v. *Forkner* [1880], 70 Ind. 241; *Bell* v. *Davis* [1881], 75 Ind. 314." See, also, *Church of the Holy Trinity* v. *United States* (1892), 143 U. S. 457, 36 L. Ed. 226, 12 Sup. Ct. 511; *State* v. *Lowery* (1906), 166 Ind. 372, 395, 396.

There seems to be a conflict between §§2990-2994, 3028, *supra,* and other sections of said act which make provision for the surviving husband or wife of the decedent, but this seeming conflict is removed by §3012 Burns 1908, §2481 R. S. 1881, which provides that "every rule of descent or distribution prescribed by this act shall be subject to the provisions made in behalf of the surviving husband or wife of the decedent."

It is clear that the purpose of the legislature in passing §2998, *supra,* was, as counsel for appellee have well said in that part of their argument before set out, to remove the common-law disability of illegitimate children to inherit through the maternal line, and to place them upon the same footing as legitimate children so far as their right of inheriting from and through their

mother was concerned. It is evident, under the rule of con-
struction before stated, that it was not the intention of the
legislature to give an illegitimate child the right to inherit
through its mother in any case when such child, if legiti-
mate, could not inherit through her from the same person.
In other words, it was not the intention of the legislature to
give an illegitimate child any greater right of inheritance
than a legitimate child could have under the same circum-
stances.    The construction of §2998, *supra,* as we have
shown, insisted upon by appellee and approved by the judg-
ment of the court below, would allow appellee, an illegitimate
child, to inherit from the decedent, when, if she were the
legitimate child of her mother by a former husband, she
could not inherit from decedent.

Counsel for appellee cite *Parks* v. *Kimes* (1885), 100 Ind.
148, *Bales* v. *Elder* (1887), 118 Ill. 436, 11 N. E. 421, *Jen-
kins* v. *Drane* (1887), 121 Ill. 217, 12 N. E. 684, and *Elder*
v. *Bales* (1889), 127 Ill. 425, 21 N. E. 621, to sustain their
contention as to the construction of §2998, *supra.*   In Illi-
nois the statute provides that "an illegitimate child shall be
heir of its mother and any maternal ancestor, and of any
person from whom its mother might have inherited, if liv-
ing; and the lawful issue of an illegitimate person shall
represent such person, and take, by descent, any estate which
the parent would have taken, if living."   Illinois R. S. 1905,
p. 764, §2.   The Illinois cases just cited hold, under said
Illinois statute that an illegitimate child, if its mother be
dead, will inherit from a legitimate child of such mother, in
all cases where such mother would have inherited from such
legitimate child, if she were living at its death; that said
statute confers upon "illegitimate children and their lawful
issue" inheritable blood, that is, gives them the right to in-
herit from and through the mother of such illegitimate chil-
dren the same as if they were legitimate. In *Parks* v.
*Kimes, supra,* George W. Parks, Jr., died intestate, the owner
of real estate in this State, leaving no child or children or

their descendants, or father or mother surviving him, and it was held that an illegitimate child of its mother was entitled, under §2998, *supra,* to inherit through his said mother from said George W. Parks, Jr. In each of said cases cited by appellee the illegitimate child or its lawful issue would have inherited if it had been legitimate instead of illegitimate.

The cases cited do not sustain appellee's contention as to the construction of §2998, *supra;* nor are they, when applied to the facts in each case, in conflict with this opinion. It is clear that appellee, under said §2998, had only the same right to inherit through her mother from appellant's decedent that she would have had to inherit through her mother from him under §2991, *supra,* if she had been the legitimate child of her mother by a former husband. It is evident that if appellee had been the legitimate child of her mother by a former husband she could not have inherited from appellant's decedent under §2991, *supra,* or any other section of our laws of descent. So construed, §2998, *supra,* is not in conflict with any other section of our laws of descent. It follows that the judgment of the court below must be reversed.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.