## TRUELOVE ET AL. *v.* TRUELOVE ET AL.

[No. 21,388. Filed January 28, 1909. Rehearing denied June 4, 1909.]

1. DESCENT AND DISTRIBUTION.—*Foundation of Right.—Statutes.*— Descent in Indiana is regulated wholly by statute, and one claiming as heir must show a statute as a basis of his claim. p. 443.

2. STATUTES.— *Words.— Meaning.— Descent.— Common Law.*— Words used in the statutes of descent will be given their common-law meaning, unless the context shows that they were used in a different sense. p. 444.

3. DESCENT AND DISTRIBUTION.—*Bastards.*—At the common law a bastard could not inherit from anyone, nor could anyone, except his children, or their descendants, inherit from him. p. 444.

4. DESCENT AND DISTRIBUTION.—*"Child."—"Children."—"Descendants."—Statutes.*—The words "child," "children" and "descendants," as used in §§2992, 2993 Burns 1908, §§2469, 2470 R. S. 1881, regulating descent in certain cases, import legitimate persons. p. 445.

5. DESCENT AND DISTRIBUTION.—*Bastards.*—Where an unmarried daughter dies leaving one legitimate, and two illegitimate, brothers, the legitimate brother inherits all of her estate. p. 445.

6. DESCENT AND DISTRIBUTION.—*Bastards.—Children of.—Statutes.* —Section 2998 Burns 1908, §2474 R. S. 1881, providing that "illegitimate children shall inherit from the mother as if they were legitimate, and through the mother, if dead, any property or estate which she would, if living, have taken by gift, devise, or descent from any other person," does not enable the children of a deceased illegitimate child to inherit what she, if living, might have inherited. p. 445.

7. APPEAL.—*Special Findings.—New Trial.*—When justice demands, the Supreme Court may order a new trial although the appeal is taken on exceptions to the conclusions of law. p. 446.

From Owen Circuit Court; *Joseph W. Williams,* Judge.

Suit by Mary E. Truelove and others against Emeline Truelove and others. From the decree entered, plaintiffs appeal. Transferred from Appellate Court under §1399 Burns 1908, Acts 1901, p. 565, §15 (see 43 Ind. 734). *Reversed.*

*Willis Hickam,* for appellants.

*Inman H. Fowler, John C. Robinson* and *H. C. Allen*, for appellees.

Monks, J.—This was a suit for partition and to quiet title to the real estate described in the complaint. The questions involved are presented by the exceptions of appellants to the conclusions of law.

It appears from the special finding that on October 1, 1903, Caroline E. Coats died intestate, the owner in fee simple of the land in controversy. She left surviving her no children, or their descendants, no husband, and no father nor mother. The mother of said Caroline E. Coats was the mother of two legitimate children, said Caroline and her brother, Timothy W. Truelove, and of two illegitimate sons by an unknown father. Said Caroline left surviving her, her said brother, Timothy W. Truelove, and the descendants of the two illegitimate sons of her mother, both of whom were dead at the time of her death. Appellants claim to own all of said real estate as the heirs of Timothy W. Truelove, the brother of the deceased. Appellees claim an interest in said real estate as heirs of said Caroline through their fathers, her illegitimate half-brothers.

The conclusions of law were to the effect that appellants, as the heirs of Timothy W. Truelove, were the owners in fee simple of the undivided one-third of said land, and that the descendants of each of said illegitimate half-brothers of the deceased were the owners in fee simple of the undivided one-third of said land.

Sections 2992, 2993, 2996 Burns 1908, §§2469, 2470, 2472 R. S. 1881, are as follows: "§2992. If any intestate shall die without lawful issue or their descendants alive, one-half of the estate shall go to the father and mother of such intestate, as joint tenants, or, if either be dead, to the survivor, and the other half to the brothers and sisters and to the descendants of such as are dead, as tenants in common.

"§2993. If there be neither father nor mother, the broth-

ers and sisters of the intestate living, and the descendants of such as are dead, shall take the inheritance as tenants in common. If there be no brothers or sisters of the intestate or their descendants, the father and mother shall take the inheritance as joint tenants; and if either be dead, the other shall take the estate.''

''§2996. Kindred of the half-blood shall inherit equally with those of the whole blood; but if the estate shall have come to the intestate by gift, devise or descent from any ancestor, those only who are the blood of such ancestor shall inherit: Provided, that on the failure of such kindred, other kindred of the half-blood shall inherit as if they were of the whole blood.''

It was held by this court in *Cloud* v. *Bruce* (1878), 61 Ind. 171, that ''our present statute of descents * * * covers the entire subject. It provides 'for every conceivable case.' '' One claiming the estate of a deceased person or any interest therein must, in order to establish his claim, point to some provision of the statute giving it to him. Appellants and appellees both point to §§2992, 2993, *supra*, as establishing their respective claims to the property in controversy.. Appellants contend that the terms ''brothers and sisters'' and their ''descendants'' mean and apply to legitimate brothers and sisters, either of the whole blood or half-blood or their descendants; while the appellees contend that these terms mean and apply to illegitimate as well as legitimate brothers and sisters and their descendants, and entitle them as the descendants of said illegitimate brothers to share with the heirs of the legitimate brother in the distribution of the estate of Caroline E. Coats. Appellees also contend that we cannot look to the rules of the common law when construing our statutes of descent; that they have no application to our law on that subject, and they refer to Webster's definition of ''brother and sister'' and ''half-brother and -sister,'' as being the guide which should control us in construing said sections.

While it is true that the descent and distribution of the property in this State is governed entirely by statute, it is also true that in the construction of said statutes and

2.   in determining the meaning of the words and the terms employed, we are to look to the meaning attached to such words and terms by the common law.   Statutes which are intended to remedy defects in or supersede the common law must be read and construed in the light of that law.   When words of a definite signification under the common law are used in such statutes, and there is nothing to show that they are used in a different sense, they are deemed to be employed in their known and defined common-law meaning.   Black, Interp. of Laws, 232, 233; 2 Lewis's Sutherland, Stat. Constr. (2d ed.), §455, and cases cited in note 24; *Holt* v. *Agnew* (1880), 67 Ala. 360; *Walton* v. *State* (1878), 62 Ala. 197; *McCool* v. *Smith* (1861), 1 Black 459, 17 L. Ed. 218; *Rice* v. *Minnesota, etc., Co.* (1861), 1 Black 358, 17 L. Ed. 147; *Mayo* v. *Wilson* (1817), 1 N. H. 53; *Brocket* v. *Ohio, etc., R. Co.* (1850), 14 Pa. St. 241, 53 Am. Dec. 534; *Allen's Appeal* (1881), 99 Pa. St. 196, 44 Am. Rep. 101; *Apple* v. *Apple* (1858), 38 Tenn. *348; *Burk* v. *State* (1867), 27 Ind. 430, 431; *State* v. *Berdetta* (1880), 73 Ind. 185, 188, 196, 197, 38 Am. Rep. 117.

It was said by this court in *Jackson* v. *Hocke* (1908), 171 Ind. 371: "At common law an illegitimate child was considered the 'son of nobody; and sometimes called

3.   *filius nullius* (the son of no one), and sometimes *filius populi* (the son of the people).'   1 Blackstone's Comm., *458, *459.   See 2 Kent's Comm. *211, *212;   5 Cyc., 639-643;   Bingham, Descent, 419;   *Blacklaws* v. *Milne* (1876), 82 Ill. 505, 25 Am. Rep. 339; *Simmons* v. *Bull* (1852), 21 Ala. 501, 56 Am. Dec. 257, and note, pp. 258, 261-265."   It is said in 1 Blackstone's Comm., *459, that a bastard "cannot be heir to any one, neither can he have heirs, but of his own body; for being *nullius filius*, he is therefore of kin to nobody, and has no ancestor from

whom any inheritable blood can be derived.'' It is a rule of construction that, *prima facie,* the words ''child,'' ''children,'' or other terms of kindred, when used either in a statute or will, mean legitimate child or children or kindred. 5 Cyc., 640; Bingham, Descent, 483; *McDonald* v. *Pittsburgh, etc., R. Co.* (1896), 144 Ind. 459, 461, 32 L. R. A. 309, 55 Am. St. 185, and cases cited; *Blacklaws* v. *Milne, supra; McCool* v. *Smith, supra; Kent* v. *Barker* (1854), 68 Mass. 535; *Curtis* v. *Hewins* (1846), 52 Mass. 294; *Minot* v. *Harris* (1882), 132 Mass. 528; *Hayden* v. *Barrett* (1899), 172 Mass. 472, 474, 52 N. E. 530; *Croan* v. *Phelps's Admr.* (1893), 94 Ky. 213, 21 S. W. 874, 23 L. R. A. 753 and note, pp. 754-758. When therefore the word ''child,'' or ''children,'' or ''brother,'' or ''sister,'' is used in the statute of descent, it must be held to mean legitimate child, children, brother or sister, unless the language of the statute clearly shows that it was used in a different sense. It is evident therefore that the legislature employed the words ''brother and sister or their descendants'' in this sense in §§2992, 2993, *supra.*

It is manifest that, had the mother, the legitimate brother and the two illegitimate brothers survived Caroline E. Coats, under §2992, *supra,* the mother and the legitimate brother would have taken all of her estate, to the exclusion of the two illegitimate brothers.

It is earnestly insisted by appellees that, in determining the meaning of the sections in question, the court must look to the provision of §2998 Burns 1908, §2474 R. S. 1881, which provides: ''Illegitimate children shall inherit from the mother as if they were legitimate, and through the mother, if dead, any property or estate which she would, if living, have taken by gift, devise, or descent from any other person.'' Appellee's contention is that while this section of the law does not govern the descent of said real estate in this case, and appellees do not take under it, it must be considered in connection with §§2992, 2993, 2996,

*supra,* in determining the meaning of the words "brothers and sisters" in said sections, and therefore the rights of appellees in this case. Section 2998, *supra,* while it enables the illegitimate child to inherit property its mother would have taken if living, does not by its terms grant to the children of such illegitimate child such right in case said parent is not living, and the terms thereof cannot be extended so as to give such right. *Curtis* v. *Hewins, supra; Pratt* v. *Atwood* (1871), 108 Mass. 40, 41; *Sanford* v. *Marsh* (1902), 180 Mass. 210, 62 N. E. 268; *Williams* v. *Kimball* (1895), 35 Fla. 49, 16 South. 783, 26 L. R. A. 746, 48 Am. St. 238. The case of *Parks* v. *Kimes* (1885), 100 Ind. 148, is cited to support appellees' contention. In that case the claimant to the estate in controversy was plainly and clearly within the express words of §2998, *supra,* and was therefore awarded the estate because her mother if living would have inherited said estate from her son. Said section gave the illegitimate child that which the mother would have taken from her legitimate son, had she survived him.

Numerous decisions of the courts of other states are cited as supporting appellees' contention, that where the statute gives an illegitimate child the right to inherit what its mother would have taken if living, such right will be extended to its descendants, if the illegitimate child be dead, but these decisions are based, so far as we have been able to ascertain, upon statutes clearly conferring upon descendants of illegitimate children the right to inherit that which would have been taken by their parents if living, provisions not contained in said sections of our statutes.

Under the facts shown by the special finding, the entire estate of Caroline E. Coats descended to her legitimate brother, Timothy W. Truelove, and from him to appellants.

Judgment reversed, and upon the authority of *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, 179-181,

7. *State, ex rel.,* v. *Beckner* (1892), 132 Ind. 371, 377, 378, 32 Am. St. 257, *McCoy* v. *Kokomo R., etc., Co.*

(1902), 158 Ind. 662, 667, and cases cited, *Farmers, etc., Ins. Assn.* v. *Stewart* (1906), 167 Ind. 544, 558, and cases cited, and *Bemis Indianapolis Bag Co.* v. *Krentler* (1907), 167 Ind. 653, 659 (see, also, Elliott, App. Proc., §563, pp. 475, 476, Buskirk's Prac., 334), the trial court is instructed to grant a new trial of said cause.