IN RE ESTATE OF WESLEY L. CURTIS.
ALICE E. CURTIS, APPELLANT, V. ESTATE OF WESLEY L. CURTIS ET AL., APPELLEES.

FILED APRIL 14, 1932. No. 28207.

*Skiles & Skiles,* for appellant.

*T. F. A. Williams, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

Alice E. Curtis, the appellant in this court, filed a petition in the county court of Lancaster county, asking that the will of her late husband, Dr. Wesley L. Curtis, who died March 9, 1931, be construed. Deceased left surviving him the appellant and three children by his first marriage, Mary C. Peterson, Martha E. Curtis, and Donald W. Curtis, as his only heirs at law. His last will and testa-

ment was admitted to probate in Lancaster county April 14, 1931. The contention between the parties in this case arises over the residence property in Lincoln, located at 1503 South Twenty-second street, which deceased had deeded to his two daughters, Mary and Martha, upon July 14, 1925, reserving a life estate therein to himself. This residence property was the only real estate in which he had an interest at the time of his death. Upon September 11, 1925, and just prior to his marriage with the appellant, they entered into an antenuptial contract, in which it was set out that each of the parties had children by former marriages, and the appellant waived and disclaimed the right to inherit any right, title or interest in the said residence property, including the waiver of a right to claim a homestead interest therein. She also waived the right to claim any personal property in said home, and, on his part, Dr. Curtis waived claim to any interest in her property, either real or personal, in case she died first. Upon February 13, 1930, Dr. Curtis executed the will in question, and, in the second paragraph of which, he said: "I do hereby give, devise and bequeath unto my said wife, in the event only that she survives me, an undivided one-fourth right, title and interest in and to all of my property of every kind, real, personal and mixed, of which I shall die seised, other than, and not including, the property governed and controlled by said antenuptial agreement." And the remaining three-fourths of his property he divided equally between his three children, thereby giving to the widow and the three children each an equal one-fourth interest in his estate.

In paragraph 6 of his will he provided that the proceeds of three life insurance policies which he carried, in the aggregate sum of $5,000, should be shared equally by his two daughters, Martha and Mary, but further provided in said paragraph: "The proceeds of such policies will constitute no part of my estate, but it is my will that for the purpose of effecting distribution between my wife, my two daughters and my son Donald W. Curtis in accordance with my will, the court administering my estate and the ex-

ecutor, in figuring the respective shares, shall consider any sums received by my daughters respectively as proceeds of such insurance policies, the same as though such sums had constituted a part of my estate and as though paid and advanced to them by the executor out of my estate upon my death." This paragraph of the will is clear and definite; it is not contended but what the value of the insurance they collected should be considered in estimating the total value of his estate, but the contest in the lower courts, as well as in this court, is concerned with the seventh paragraph of his will, the first part of which reads as follows: "It may be that I shall convey real estate to my said daughters prior to my death. In such event the real estate so conveyed will constitute no part of my estate. It is my will, however, and I direct the executor in such event, for the purpose of effecting distribution as recited in the next preceding paragraph of this will, that the executor shall appraise the value, as of the date of my death, of the real estate, or the equity therein, so deeded by me to my said daughters, and the executor, in figuring the respective shares, shall consider the value of such real estate or the equity therein, so conveyed to said daughters respectively, the same as though such sums had constituted a part of said estate and as though paid and advanced to them by the executor out of my estate upon my death."

After the death of Dr. Curtis, the Lincoln Trust Company was appointed executor of his estate, and such executor joins in this action, asking for a construction of this will.

The appellant contends that, by the seventh paragraph of his will, he provided that the appraised value of his residence property should be taken into consideration in estimating the total value of his estate, and that his widow and son should have from his other property a one-fourth value of his estate; in other words, that the appraised value of his home property, which he had deeded to his daughters, Mary and Martha, and in which he had only reserved a life estate, should be added to the

rest of his property, the same as the value of the $5,000 of life insurance should be added, to get the total bulk sum of his property, and from that total so ascertained the widow would have one-fourth and the son would have one-fourth.

It is contended by counsel for appellees that upon February 13, 1930, when Dr. Curtis drew his will, there was nothing to indicate that he was in any immediate danger of death, but, unfortunately, his death did occur some 13 months thereafter; that he did not know, when he drew the will, what real estate he might become the owner of, and that the seventh paragraph of the will would have covered any other real estate that he might have acquired before his death.

Appellees contend that this part of the will was doubtless copied by Dr. Curtis from an older will, especially that portion of it saying, "It may be that I shall convey real estate to my said daughters prior to my death," for the truth was that he had already conveyed the home property to his daughters on July 14, 1925, before he wrote the will, and the only interest he had therein was a life estate; and further contend that, if this widow was to have a one-fourth interest in the value of the home property, deeded to Martha and Mary, it would violate the antenuptial agreement, in that it would give her a one-fourh interest in property which she had renounced in that antenuptial agreement.

Let us consider the condition in case Dr. Curtis had left absolutely nothing but the insurance and his home property, both in the names of the two daughters. If this was the total estate, then, to secure a one-fourth interest for the son and the widow, the executor would be compelled to go into the district court and sell the home property to secure money from which to pay the one-fourth shares going to the son and the widow. Could this be done? The will, in the last sentence of paragraph 7, provides: "Nothing in this will contained, however, shall lessen, hinder or impair in any manner the title and estate in said real estate vested in my said daughters

by my conveyance to them, or the ability of my said daughters, without the license or consent of any court, to sell and convey said real estate by good and perfect title." This sentence, written by Dr. Curtis toward the close of his will, is controlling upon this court, for if two parts of a will are inconsistent or irreconcilable, the last, or subsequent, part is to be taken as evidence of a subsequent intention. *Martley v. Martley*, 77 Neb. 163. The rule is sometimes stated that, where reconciliation between inconsistent provisions is impossible, the latter of the two provisions must prevail. *Porter v. Union Trust Co.*, 182 Ind. 637; Ann. Cas. 1917D, 427, 1155; *In re Estate of Creighton*, 91 Neb. 654, Ann. Cas. 1913D, 128.

In *In re Estate of Smith*, 117 Neb. 776, it was held: "Where an irreconcilable repugnancy exists between two provisions of a will, the later will prevail over the earlier, unless from a consideration of the entire will a contrary intention is evinced."

Under the present law of Nebraska, as set out in the above case, this court finds no error in the record and judgment of the district court, and the same is

AFFIRMED.