LINGEN, PRO AMI, vs. LINGEN, ADM'X, ET AL.

[BILL IN EQUITY, BY BASTARD SON, LEGITIMATED IN FRANCE ACCORDING TO THE LAWS THEREOF, TO BE DECLARED LEGITIMATE SON AND HEIR OF HIS FATHER, A CITIZEN OF ALABAMA, WHO DIED INTESTATE AND DOMICILED IN THIS STATE, AND OWNING PROPERTY THEREIN, AND AS SUCH HEIR TO BE DECREED A DISTRIBUTIVE SHARE OF SUCH ESTATE.]

1. *Intestacy ; descent and distribution of real property, in case of ; by what law governed.*—In case of intestacy, the *lex rei citœ* governs the descent of real property, and the *lex domiciliœ* the distribution of personal property.

2. *Same.*—It is by these laws we ascertain the persons who can take, whether the question respects legitimacy, or primogeniture, or the right of representation, or proximity of blood, or next of kin.

3. *Same.*—The descent and heirship of real estate are exclusively governed by the law of the country within which it is actually situate. No one can take except those who are recognized as legitimate heirs by the laws of that country ; and they take in the proportion and the order which those laws prescribe.

Lingen, pro ami, v. Lingen, Adm'x, et al.

4. *Illegitimate children; how may inherit, in Alabama.*—Illegitimate children, commonly called bastards, are persons begotten and born out of lawful wedlock. Such persons cannot inherit from their fathers, but, by the law of this State, may inherit from their mothers.

5. *Bastard born in France; what can not inherit in Alabama.*—A bastard born in France and legitimated there, can not inherit the estate of his father in Alabama ; nor can he inherit his personal property, if his father, at the time of his death, was domiciled in this State.

6. *Same; bill, when without equity.*—A bill filed ·by such a person, to be decreed a share of his intestate father's estate, is without equity, and a demurrer for that cause should be sustained.

7. *Legitimation in foreign country; force and effect of, in Alabama.*—A child born out of lawful wedlock, whose parents were never married, and legitimated by the laws of a foreign country, is not thereby rendered capable of inheriting real estate in Alabama. Sections 2404 and 2405 of the Revised Code point out the only way by which the father of a bastard can legitimate it and make it capable of inheriting his property in this State.

APPEAL from Chancery Court of Mobile.
Heard before Hon. ADAM C. FELDER.

IN the year 1855, Dr. George Lingen, a citizen of Alabama, then and at the time of his death, domiciled at Mobile, begat appellant by Appoline Bock, who, at the time appellant was conceived, lived at Mobile, but shortly afterwards went to France, where appellant was born December 1, 1855. Appellant was both begotten and born out of lawful wedlock, and Dr. Lingen and Appoline Bock were never married.

In the year 1859, Dr. Lingen, who was then in France, acknowledged appellant as his legitimate son, according to the forms of law of the empire, whereby appellant became legitimated by the laws of France. Appellant still resides in France, and has a dative tutor there ; his mother died in the empire of France in the year 1868. It does not appear that appellant has ever been in this country, or that his mother has ever been in the· United States since she left Mobile in 1855.

In the year 1868, Dr. Lingen, who had married in the year 1865, died intestate, domiciled at Mobile, and possessed of a considerable estate of both real and personal property situate in Mobile, and leaving him surviving a widow and an infant son. The widow administered the estate.

The bill is filed by the appellant, by his next friend, under a duly certified power from the dative tutor in France, and prays that appellant be decreed by the court to be the legitimate son and an heir of Dr. Lingen ; and that, as such, the court will decree to him his distributive share of the estate of his father, said Lingen, &c., &c.

The chancellor sustained a demurrer to the bill for want of equity, and hence this appeal.

HENRY ST. PAUL, for appellant.
CHAS. H. MORSE, and JNO. T. TAYLOR, contra.

[The briefs did not come into Reporter's hands.]

PECK, C. J.—The defendant's demurrer to the complainant's bill of complaint very fairly presents the question of its equity, and this question depends upon the legal effect of complainant's alleged legitimation in France, as stated and set forth in the bill of complaint.

If it be admitted that he thereby became entitled to all the rights of a legitimated child of his deceased father in that country, does it have the effect to remove the disabilities of his illegitimacy in this State, and entitle him as an heir and distributee, to share with the defendants the estate of his deceased father in Alabama, the place of the residence and domicile of deceased at the time of his death ? If it does not, the bill is without equity, and the demurrer was rightly sustained.

In case of intestacy, the *lex rei citæ* governs the descent of real property, and the *lex domiciliæ* the distribution of personal property ; and to these laws respectively we are to look to ascertain the persons who are to take, whether the question respects legitimacy, or primogeniture, or the right of representation, or proximity of blood, or next of kin. Story Conf. Laws, §§ 480, 481, 481a, 483, 484, 484a. In section 483, Judge Story says, "The descent and heirship of real estate are exclusively governed by the law of the country within which it is actually situate. No person can take, except those who are recognized as legitimate heirs by the laws of that country ; and they take in the propor-

tion and the order which those laws prescribe. This is the indisputable doctrine of the common law."

Illegitimate children, commonly called bastards, are those persons who are begotten and born out of lawful wedlock.—2 Kent's Com., 4th Ed. 208.

Such persons have no inheritable blood, and are incapable of inheriting as heirs, either to their putative fathers, or their mothers, or to any body else ; nor can they have heirs, but of their own bodies.—Same book, 212.

Blackstone, speaking of the incapacity of bastards, says, " The incapacity of a bastard consists principally in this, that he cannot be heir to any one, neither can he have heirs, but of his own body ; for, being *nullius fillius*, he is therefore of heir to nobody, and has no ancestor from whom any inheritable blood can be derived.—1 Wendell's Blackstone, 459.

It is admitted in the bill that complainant was born the illegitimate child of Dr. George Lingen, and of a woman named Appoline Bock; that he was both begotten and born out of lawful wedlock, and that his father and mother were never married together. The bill states that he was begotten in Mobile, in this State, but was born in France in the year 1855; that he is still in that country, and has a dative tutor there; and it does not appear that he has ever been in the United States. It is also stated that his mother died in France, in the year 1868, and it is not shown that she was ever in this country after the birth of complainant. Unless, therefore, the disabilities of complainant's illegitimacy are removed by his alleged legitimation in France, he is incapable of taking, as heir or distributee, any portion of his deceased father's estate, either real or personal, but that it belongs to the defendants, subject to the payment of debts.

Let us now look into the most important question in this case, to-wit : the legal effect of the complainant's alleged legitimation in France. Does it, in Alabama, have the effect to remove the incapacities and disabilities of his illemate birth, and thereby render him capable of inheriting and taking, as heir, a share of his deceased father's property that was in this State at the time of his father's death?

If it does not, as we have stated, the bill of complaint is without equity, and the defendant's demurrer was properly sustained.

This question, as we have seen, must be determined by the laws of this State. But, in the first place, let us inquire how it has been decided elsewhere. In the case of *Doe ex dem. Birchwiler v. Vardill*, 5 Barnwell & Creswell, 438, it is held that a person born in Scotland, of parents domiciled there but not married till after his birth, though *legitimated by the laws of Scotland*, cannot take real estate in England as heir, his father having died intestate. So, in the case of *Smith v. Derris' Adm'r*, 34 Penn., it is decided that a child born out of wedlock, and legitimated by the law of Tennessee, is not thereby rendered capable of inheriting land in Pennsylvania; that the fact that inheritable capacity is granted by the law of another State, can not change the law of descents in the State where the land lies.

These decisions are based upon the common law, which is the law of this State, except in so far as it has been modified or changed by our statutes, or is inconsistent with the character of our institutions. Therefore, unless the common law as to the rights and capacities of illegitimate persons has been changed by our legislation, so as to enable such persons to inherit property in this State by virtue of an act of legitimation done in a foreign country, the complainant is entitled to no relief in this case. Blackstone says, "a bastard may be made legitimate and capable of inheriting, by the transcendent power of an act of parliament, and not otherwise, as was done in the case of John of Gant's bastard children by a statute of Richard the Second."—Wendell's Blackstone, 459.

By the laws of this State, a bastard may inherit from his mother, but not from his father.—Rev. Code, § 1894. So, too, the Revised Code provides two ways, and only two, by which illegitimate children may be legitimated in this State. Section 2404 says, "the marriage of the mother and reputed father of a bastard child renders it legitimate, if recognized by the father as his child." Marriage, however, without recognition, is not sufficient. This is one way. By section 2405, it is provided that "the father of

a bastard child may legitimate it, and render it capable of inheriting his estate, by making a declaration in writing, attested by two witnesses, setting forth the name of the child proposed to be legitimated, its sex, its supposed age, and the name of the mother; and that he thereby recognizes it as his child and capable of inheriting his estate, real and personal, as if born in wedlock: the declaration being acknowledged by the maker, before the probate judge of the county of his residence, or its execution proved by the attesting witnesses, filed in the office of the probate judge, and recorded on the minutes of his court, has the effect to legitimate such child." This is the other way, and the only way, by which the father of a bastard child can legitimate it by his own act, and make it capable of inheriting his property in this State.

There is no law in this State that gives validity to an act of legitimation in a foreign country, or even in a sister State; consequently, the incapacity of the complainant's illegitimacy still remains, and is a fatal objection to his claim to share, with the defendants, the estate of his deceased father in Alabama. It follows, therefore, that there is no error in the decree of the chancellor sustaining the demurrer to the complainant's bill, and it is affirmed at his cost.