McDonald v. Pittsburgh, Cincinnati, Chicago & St. Louis R'y Co.

There was no error in overruling the motion for a new trial.

Judgment affirmed.

Filed April 2, 1896.

No. 17,778.

144  459
159  168

McDONALD v. THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS R'Y CO.

144  459
f171  373

ACTION.—By Father for Death of His Bastard Child.—No Right of Action.—The father of an illegitimate child has no right of action for the child's death, under section 267, R. S. 1894, giving a father a right of action for the death [of a "child," although the mother is dead and the child had been acknowledged by the father and had no guardian or next of kin except him.

From the Elkhart Circuit Court.

O. H. Montgomery and J. B. Brown, for appellant.

S. Stansifer, for appellee.

MONKS, J.—Appellant brought this action against appellee under section 266, R. S. 1881 (section 267, R. S. 1894), to recover damages for the death of a minor, alleging in his complaint that said deceased was his son.

Appellee filed an answer, alleging in substance, that the deceased was a bastard, begotten and born out of wedlock, and that appellant never married the mother of said deceased and never adopted him by the order of any court. A demurrer for want of facts to this answer was overruled.

To this answer appellant filed a reply, alleging in substance that the allegations of said answer are

460    SUPREME COURT OF INDIANA,

McDonald *v.* Pittsburgh, Cincinnati, Chicago & St. Louis R'y Co.

true, but that the deceased was his illegitimate child, and that when but six months old appellant received him from his mother and relieved her of his care and custody, and acknowledged him as his son, and afterwards discharged every duty as a parent towards him, and received from him all the services, obedience and respect due from a legitimate son; that his mother abandoned him and is deceased; that such deceased son has no guardian or next of kin except only appellant.

To this reply appellee filed a demurrer for want of facts, which was sustained. Appellant refusing to plead further, judgment was rendered in favor of appellee.

The errors assigned call in question the action of the court in overruling appellant's demurrer to the answer and in sustaining appellee's demurrer to the reply.

Section 266 (267), *supra*, upon which this action is predicated, is as follows:

"A father, or in case of his death or desertion of his family or imprisonment, the mother may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward."

As the right to recover damages for the death of a human being is purely statutory, the statute must be strictly construed, and before appellant can recover he must bring himself clearly within its terms. When the statute specifies who may bring such action, only those persons named can maintain it. If no such person exists, then no recovery can be had. *Thornburg* v. *American Strawboard Co.*, 141 Ind. 443, and cases cited.

At common law a bastard had no father, and was considered the son of nobody, he was sometimes called *filius nullius* and sometimes *filius populi*. 1 Black. Com. 458-459; 2 Kent Com. 212; *Simmons* v. *Bull*, 21

Ala. 501, 56 Am. Dec. 257, and note 258; *Higgins* v. *Bicknell*, 82 Ill. 505, 25 Am. Rep. 339; *Marshall* v. *Wabash R. R. Co.* (Sup. Ct. Mo), 25 S. W. Rep. 179.

It is said in Blackstone's Com. 459: "A bastard cannot be heir to any one, neither can he have heirs, but of his own body; for being *nullius filius* he is therefore of kin to nobody, and has no ancestor from whom any inheritable blood can be derived."

It is a rule of construction that *prima facie* the word child or children, when used either in a statute or will, means legitimate child or children, that is, that bastards are not within the meaning of the term child or children. *Thornburg* v. *American Strawboard Co.*, *supra; Marshall* v. *Wabash R. R. Co.*, *supra; Dickinson, Admx.*, v. *Northeastern R. W. Co.*, 2 Hurl. and C. 735; *Harkins* v. *Philadelphia, etc., R. R. Co.*, 15 Phila. 286; *Gibson* v. *Midland R. W. Co.*, 2 Ont. 658; *Marshall* v. *Wabash R. R. Co.*, 46 Fed. R. 269 (273); *Good* v. *Towns*, 56 Vt. 410; *Higgins* v. *Bicknell, supra; Dorin* v. *Dorin*, 13 Moak Eng. Rep. 90, L. R., 7 H. L. 568; *Hill* v. *Crook*, 7 Moak Eng. Rep. 1, L. R., 6 H. L. 265; *Barnes* v. *Greenzebach*, 1 Edwards Ch. 41; Waits Actions and Def. 49; 3 Am. and Eng. Ency. of Law, 229, notes on pages 230–233; 11 Am. and Eng. Ency. of Law, 870; 1 Beven Negligence, 250; Patterson Railway Acc. Law, section 409, p. 492; Tiffany Death by Wrongful Act, section 85; 1 Shear. and Redf. Negl., section 13.

*Dickinson* v. *Northwestern R. R. Co., supra*, was an action brought under the statute 9 and 10 Vict. c. 93, known as Lord Campbell's Act, passed in 1846. That act provides "that every such action shall be for the benefit of the wife, husband, parent and children of the person whose death shall have been caused." Pol-

lock, C. B., said: "But beyond all doubt in the construction of the act of parliament the word 'child' means legitimate child only." This case is cited and approved in *Gibson* v. *Midland R. W. Co.*, *supra*.

*Marshall* v. *Wabash R. R. Co.*, *supra*, was an action brought to recover damages for the death of another under section 4425, R. S. 1889, of Missouri. That part of the statute providing who should sue and recover when the deceased was a minor was as follows: "Third, if such deceased be a minor and unmarried, whether such deceased unmarried minor be a natural born or adopted child  *  *  *  then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment, or if either of them be dead, then by the survivor." The court held that the father of an illegitimate child did not come within the meaning of the act and could not maintain such action.

In *Harkins* v. *Philadelphia, etc., R. R. Co.*, *supra*, it was held under the statute of Pennsylvania, which enacts "that the persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased and no other relative," did not give any one the right to recover damages for the death of an illegitimate child, the court said "that the words husband, widow, children, parents of the deceased and no other relative" had in view the family relation as constituted and recognized by the law, and that it was not intended to extend the benefits of the act to persons not falling within the legal definition of the enumerated relationships."

We think it clear, both upon principle and the authorities cited, that the father of an illegitimate child cannot recover damages for the death of such child under the provisions of section 266 (269), *supra*.

The court did not err, therefore, in overruling ap-

pellant's demurrer to the answer or in sustaining appellee's demurrer to the reply.

Judgment affirmed.

Filed April 2, 1896.