Díaz, Plaintiff and Respondent, *v.* Porto Rico Railway, Light & Power Co., Defendant and Appellant.

## Appeal from the District Court of San Juan, Section 1, in an Action for Damages.

No. 1037.—Decided June 26, 1914.

Construction of Law.—Statutes of American origin should be construed according to the jurisprudence of the United States.

Id.—Meaning of Words.—The words "father," "mother" and "child," used in section 60 of the Code of Civil Procedure, refer to a lawful father and mother and a legitimate child and do not include a natural father and mother and illegitimate children.

Action for Damages—Illegitimate Child.—Section 60 of the Code of Civil Procedure gives no right of action to the father or mother for the death of an illegitimate child.

The facts are stated in the opinion.

*Messrs. José G. Torres* and *Agosto Malaret* for the respondent.

*Mr. J. Henri Brown* for the appellant.

Mr. Justice del Toro delivered the opinion of the court.

This is an action brought by a mother to recover damages for the death of her natural child caused by the electric wires of a certain traction, light and power company. Judgment was rendered in favor of the plaintiff and the defendant company was adjudged to pay to the plaintiff the sum of $1,500 together with costs, disbursements and attorney's fees. From that judgment the defendant took the present appeal.

Among the errors assigned by the appellant in its brief, one is that the trial court erred in overruling the demurrer to the amended complaint.. In its argument the said appellant maintains that the complaint should be dismissed because the mother of an illegitimate child, as is the plaintiff in this case, is not entitled to recover for the death of her child caused by the unlawful act or negligence of another person.

There is no doubt as to the law applicable to the present case. If the plaintiff has any right it is derived from section 60 of the Code of Civil Procedure in force in Porto Rico since 1904, which reads as follows:

"Section 60.—A father, or in case of his death, or desertion of his family, the mother may maintain an action for the injury or death of a minor child, and a guardian for the injury or death of his ward, when such injury or death is caused by the wrongful act or negligence of another. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person who is responsible for his conduct, also against such other person."

Said section is similar to section 3163 of the Laws of Idaho, 3 Idaho Codes Annotated, 55; to section 528 of the Code of Civil Procedure of Montana, 3 Montana Codes Annotated, 96; to section 267 of the Revised Statutes of Indiana of 1894, and differs only from section 376 of the Code of Civil Procedure of California, Codes of California Annotated, Civil Procedure, page 122, in that the California code does not contain the words, "and a guardian for the injury or death of his ward," which words appear in the codes of Idaho, Montana, Indiana, and Porto Rico.

Therefore, as the origin of the law applicable to this case is genuinely American, we must construe the same according to the jurisprudence of the United States. We have been able to find nothing in the decisions of the Supreme Courts of Idaho, California, and Montana deciding the question raised by the appellant in this case, either affirmatively or negatively;

but in the decisions of the Supreme Court of the State of Indiana we have. In the case of *McDonald* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company,* 32 L. R. A., 309, 310, the said Supreme Court held that the father of an illegitimate child has no right of action for the death of his child although the mother had died and the child has been acknowledged by the father. In its opinion the court expressed itself as follows:

·  "Section 266, Rev. Stat., 1881 (Rev. Stat., 1894, sec. 267), upon which this action is predicated, is as follows: 'A father, or in case of his death or desertion of his family or imprisonment the mother, may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward.' As the right to recover damages for the death of a human being is purely statutory, the statute must be strictly construed; and, before appellant can recover, he must bring himself clearly within its terms. When the statute specifies who may bring such action, only those persons named can maintain it. If no such person exists, then no recovery can be had. *Thornburg* v. *American Strawboard Co.,* 141 Ind., 443, and cases cited. At common law a bastard has no father, and was considered the son of nobody. He was sometimes called *filius nullius,* and sometimes *filius populi.* 1 Bl. Com., 458, 459; 2 Kent's Com., 212; *Simmons* v. *Bull,* 21 Ala., 501; 56 Am. Dec., 257, and note 258  *  *  *. It is a rule of construction that *prima facie* the word 'child' or 'children,' when used either in a statute or will, means legitimate child or children; that is, that bastards are not within the meaning of the term 'child' or 'children.' "

The jurisprudence of the Supreme Court of Mississippi and South Carolina is similar to that of Indiana. Thus the former, in the case of *Alabama L. V. R. Co.* v. *Williams,* 51 L. R. A., 836, holds that "The mother of an illegitimate child cannot recover for his death under acts 1898, p. 83, giving a right of action to the mother and other specified relatives of one whose death results from wrongful injury." And the latter, in the case of *McDonald* v. *Southern Railway,* 2 L. R. A. (new series), 640, holds that "The mother of an illegitimate child is not within the meaning of a statute giving a right

of action for the benefit of the parent in case of the negligent killing of an infant.''

It may be contended, perhaps, that in the States of the Union whose jurisprudence we have cited the relations between a mother and her bastard child are different from those existing in Porto Rico, where the civil law provides that the mother and her illegitimate child have the right to inherit from each other.

But in the State of Georgia, for example, where the relations of the mother to her illegitimate child are similar to those in this Island, the Supreme Court has also reached the same conclusions as the Supreme Courts of Indiana, Mississippi, and South Carolina. In the very interesting decision of *Robinson* v. *Georgia R. L. Bkg. Co.*, 60 L. R. A., 555, 559, the Supreme Court of Georgia, speaking through Mr. Justice Fish, after an ample review of authorities, expressed itself as follows:

"While it is evidently true that the status of bastards under our law is greatly superior to what it was under the common law, yet it cannot be said that they have been legitimated, at least for all purposes, and placed upon the same footing in all respects as children born in lawful wedlock; and in view of the decisions of this court above cited, to the effect that the status giving a right of action for a homicide should be strictly construed, and that the word 'child' used in a statute *prima facie* means a legitimate child, we are constrained to hold that the mother of an illegitimate child has no right of action for his wrongful or negligent homicide. The statute provides that 'a mother, or, if no mother, a father, may recover for the homicide of a child minor or *sui juris*, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child.' There are no words in the statute qualifying the word 'child' in any particular, nor is there anything in the context which would authorize a conclusion that the legislature intended to use the word in any broader sense than is usually given it in statutes, but, on the contrary, the context plainly indicates, to our mind, that the child in legislative contemplation, was the child of a lawful marriage, whose mother, or if no mother, whose father, might recover for his homicide.''

And this construction, that when the word "child" is used it should be understood to refer to a child born in lawful wedlock, is not new but is really the correct construction of the word as used by us. Thus Escriche, volume 3, page 48, edition of 1875 of his Law Dictionary, says:

"When speaking of children in general only lawful children of both sexes are ordinarily understood, for the status of a child consists in its having been born of parents joined in lawful wedlock. Therefore, if it is desired to include or mention illegitimate children, they are generally designated as such, especially in cases of succession and other family rights."

As a necessary and exclusive consequence of all the foregoing, the judgment appealed from must be reversed and the complaint dismissed. The right asserted by the plaintiff in this case is of a purely statutory origin. The statute gives such right only to the "father," or, in a proper case, to the "mother," for the death of the "minor child." Construing the said words in accordance with both English and Spanish tradition and with the settled jurisprudence of the courts, it is seen that they refer to the lawful father and mother and to the legitimate child. The mother in this case is not the lawful mother, but the natural mother; hence it is manifest that she has no right of action to recover damages for the death of her child, caused, according to the complaint, by the negligence of the defendant corporation. To extend the meaning of the words "father," "mother" and "child," used in the statute, so that they should include natural fathers and mothers and illegitimate children, would be to do something which only the legislature can do. And we cannot assume the functions of legislators.

The appeal should be sustained, the judgment appealed from reversed and the complaint dismissed without special imposition of costs.

*Judgment reversed and complaint dismissed without special imposition of costs.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.