# PETRONA ORTIZ, Plff.,

*v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

San Juan, Law, No. 1163.

### SUIT BY ILLEGITIMATE SON.

Illegitimate or Natural Child—Right of Parent to Recover Damages.

1. Where relationships are mentioned in statutes they are to be construed as referring to legal or legitimate relationships, and hence a mother cannot recover damages for injuries to her illegitimate or natural son in accordance with § 60 of the Code of Civil Procedure.

Illegitimate or Natural Child—Right of Heir to Recover Damages.

2. Section 61 of the Code of Civil Procedure permits recovery for damages by an heir, and as an acknowledged illegitimate child may transmit his rights to his parents in the absence of legitimate relations, it follows that a mother may be the heiress of her illegitimate son.

Motion to Strike—Argumentative Allegation.

3. A motion to strike part of an answer which is argumentative, and does not set out facts, will be granted.

Opinion filed December 18, 1916.

*Messrs. Francis & Soto* for plaintiff.

*Messrs. F. H. Dexter* and *Perez Almiroty* for defendant.

NOTE.—On right of mother to recover for the negligent killing of an illegitimate child, see notes in 2 L.R.A.(N.S.) 640, and L.R.A.1916E, 125.

Ortiz v. American R. Co.

HAMILTON, Judge, delivered the following opinion:

This suit comes on for hearing upon the motion of plaintiff to strike from the answer the allegation "that if the said Francisco Vazquez, known as Carmona, was the son of plaintiff, he was an illegitimate or natural child, and hence plaintiff is not entitled to recover, in accordance with the laws of Porto Rico," etc.

1. It has been decided by this court in the case of Vargas v. Ezuaga, 8 Porto Rico Fed. Rep. 625, that when a suit is brought by a mother under § 60 of the Code of Civil Procedure, the recovery can be had only if the child is legitimate. In this the court followed the construction of the Supreme Court of Porto Rico in the case of Diaz v. Porto Rico R. Light, & P. Co. 21 P. R. R. 78. The principle there involved was that, where relationships are mentioned in the statute, they are to be construed as referring to legal or legitimate relationships. At common law—and both §§ 60 and 61 are of common-law origin—a bastard has no father and is considered the son of nobody, filius nullius. Simmons v. Bull, 21 Ala. 501, 56 Am. Dec. 257; McDonald v. Pittsburgh, C. C. & St. L. R. Co. 144 Ind. 459, 32 L.R.A. 309, 55 Am. St. Rep. 185, 43 N. E. 447.

2. The present question, however, comes up under § 61 of the Code of Civil Procedure, which permits recovery by an "heir," and under §§ 1 and 16 of the Porto Rican Act of March 9, 1905, an illegitimate child may transmit his rights to his parents, or either of them, in the event of there being no legitimate relation and in the event the child has been legally acknowledged by the parent in question.

There can be no supposition in this case that the father or

Ortiz v. American R. Co.

mother must be heir of a legitimate child, for the law provides for the very case of the absence of such relationship.

The recognition in question is provided for in Civil Code, § 193, as amended March 9, 1911, as follows:

"The natural child may be recognized by the father and mother conjointly or by one of them only either in the record of birth or in the testament or in any other public instrument. . . . The child, if of age, cannot be recognized without his consent. When the recognition of the minor is not made at the time of recording the birth or in the testament, the approval of the judge of the district where the child resides with the concurrence of the fiscal shall be necessary."

It follows, therefore, that a mother may be the heir of an illegitimate child for the purposes of suit under § 61 of the Code of Civil Procedure.

3. In the case at bar the question does not come up on the facts, but upon a motion to strike a part of the answer which says that the decedent's son was an illegitimate or natural child, and hence the plaintiff was not entitled to recover. This allegation is argumentative, and even as an argument does not go far enough. A child may be illegitimate and nevertheless, under some circumstances prescribed in the Porto Rican law, may have rights of inheritance under the Porto Rican law.

On the argument an offer was made to amend the answer by adding the statutory provision as to recognition by mother, and this was done in general terms. This could be so expressed as to be a defense to the allegation of heirship, and no reason appears why it must be expressed as merely a denial of heirship. It might be expressed in a detailed manner so as to show why she was not such heir. But the proposed amendment is not full

enough to meet the case. Suffice it that the allegation in its present form, even as amended, is not a proper answer to the complaint, and so should be struck out of the answer.

The motion is therefore granted. It is so ordered.