**RICHARDS v. CHRISTY et ux.**

No. 20186.  Opinion Filed July 7, 1931.

Joe S. Eaton, for plaintiff in error.

James M. Hays, Jr., for defendants in error.

CLARK, V. C. J. This case involves the custody of Edna May Richards, a child of the age of eight months at the time the suit was instituted. Plaintiff in error filed in the district court of Okmulgee county his application for writ of habeas corpus, in which he alleged that his three children, Margaret Rose, Inez Marie, and Edna May Richards, ages seven years, four years, and eight months, respectively, were unlawfully restrained and withheld from his custody by Thomas Christy and Rose A. Christy, defendants in error, grandparents of said children.

Upon a hearing of said cause on the 19th day of November, 1928, the trial court granted the application of plaintiff in error herein as to the two oldest children, and denied the application as to Edna May Richards, a child of the age of eight months. Motion for new trial was filed and overruled, and the plaintiff below brings the cause here for review.

The record discloses that the plaintiff in error, and the daughter of the defendants in error, married some eight years prior to the institution of this suit, and of said marriage the three above-named children were born; that the wife of plaintiff in error, mother of said children, died on the 17th day of August, 1928; that for a number of years prior to her death she had been in bad health and undergone operations; that the grandparents, defendants in error, and their daughter, who was sister of the wife of plaintiff in error, had at intervals taken care of the children since their birth, and they had especially had the care and custody of the baby, the one involved in this appeal, since the death of the mother, and also during the time the mother was in the hospital before her death, and practically since the birth of this child.

The testimony introduced by the plaintiff in error disclosed that he was a hard-working man, working when he could secure work, and that he desired all three of the children and did not want them separated, and had made arrangements for them to be taken into his brother's home and live with his brother and sister-in-law, who had two children of their own of the ages of four and seven.

The testimony introduced by the defendants in error was that the plaintiff in error contemplated taking the children to the state of Kansas.

Attorneys for the plaintiff in error, as shown by the record, proceeded on the theory that under the law the father was entitled to the children, and that the grandparents should not be taken into consideration, nor the welfare of the children be taken into consideration. It was conceded at the trial that the children were in good hands and being cared for by the grandparents.

The trial court made the following finding at the conclusion of the hearing with reference to the care and custody of the child before this court:

"I am not willing to take that child and give it to another woman at this time. That

is the way I feel about this child. It is for the best interest of this child that the grandmother raise it. It is better cared for than it can be at the home of the brother of this man with his wife and two children, together with these other two children. I am satisfied that woman has about all the work that she herself can do. She will not be patient with that child like a mother who has her own children will have; can't be up with it at night and care for it. They will then know what it means to raise a child, because it is no pleasure when you get up yourself and be up with your own if you have to walk the floor at night, but that would be carrying somebody else's child around in your arms and she will not be patient the same as a good parent."

The trial court saw the witnesses, heard the testimony, saw the child and was familiar with all the surrounding circumstances, and was in a much better position to determine what was for the best interest of the child than this court.

In the case of Bishop v. Benear, 132 Okla. 116, 270 Pac. 569, fourth paragraph of the syllabus, this court said:

"In such cases three rights or interests are to be regarded; First, that of the parent; second, that of those who have for years discharged all the obligations of parents; and third, and chiefly, that of the child."

The right of the parent, the grandparents, and the welfare of the child, were questions of fact that were presented to the trial court. This trial having occurred nearly three years ago, and the child being now over three years of age, no doubt conditions have changed.

This court, in the case of Morris v. Morris, 81 Okla. 222, 198 Pac. 70, held that the decree awarding the custody of the child to its mother's parents, having been made nearly four years ago, would not be reversed now and the custody awarded the father. This court, being without knowledge as to what changes have since taken place, and having no knowledge as to what conditions exist at this time will allow such decree to stand subject to such modifications as present conditions and the child's welfare may require, which decision was followed by this court in the case of Hamann v. Miesner, 148 Okla. 50, 297 Pac. 252.

In the case at bar, the father has rights and the grandparents have rights, but the chief interest is that of the child, which child, being only eight months old, was in need of special care and attention, which care and attention could better be given to it at this tender age by its grandmother than by a stranger, the sister-in-law of its father. We do not feel justified in reversing the decree in the case at bar, but will permit it to stand subject to such changes as the child's best interest may demand, should further application be made; therefore, the judgment of the trial court is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.