EX PARTE HENDRIX.
HATHAWAY v. HENDRIX.

*100 P. 2d 444.*

No. 29042.   March 19, 1940.

J. H. Cline, L. M. Gensman, and E. L. Richardson, all of Lawton, for plaintiff in error.

Charles G. Ozmun and C. S. McCuistion, both of Lawton, for defendant in error.

OSBORN, J. This action was instituted in the district court of Comanche county by Jessie Lee Hendrix, hereinafter referred to as petitioner, against E. P. Hathaway, hereinafter referred to as respondent, wherein petitioner, by a writ of habeas corpus, sought to secure custody and possession of an illegitimate female child. Petitioner is the mother and respondent is the father of said child. Issues were joined and the cause was tried to the court. Petitioner was adjudged to be entitled to the custody of the child upon the following findings of fact, made by the trial court:

"That the child involved herein * * * is the issue of the petitioner and the re-

spondent; that she is an infant of the age of about nineteen months; that both the father and mother of the child are financially able to support her; that the defendant does now and has heretofore and before the trial of the issues herein publicly acknowledged the child as his own, having taken the child into his home with the consent of his wife, but against the will and consent of the petitioner; that the wife of the respondent bears great hatred and malice toward the petitioner, and she has not shown sufficient love and affection toward the child to justify a conclusion that she would give her the care and attention that a child of her tender years should have; that the respondent and his wife were estranged and separated even before the respondent met the petitioner and the evidence indicates that their married life is not such as to furnish the best environment for the child. The court does not find, however, that either the petitioner or respondent are absolutely unfit to have custody of the child. The court further finds that although the petitioner has been guilty of serious breaches of the moral code, and the court is somewhat reluctant to give her custody of the child, the respondent likewise has been guilty of such breaches and as between the petitioner and her home and the respondent and his home, the court is of the opinion, especially in view of the fact that the petitioner is the own mother of the child, that the child will be given more loving care and attention in petitioner's home than in respondent's home, and that it is to the best interests of the child that its care and custody be given to the petitioner."

The respondent contends that the judgment is contrary to the law and contrary to the findings of fact and the evidence. He asserts that according to the findings of fact, supported by the evidence, he has legitimated the child under section 1715, O. S. 1931, 10 Okla. Stat. Ann. § 55, and that according to section 1685, O. S. 1931, 10 Okla. Stat. Ann. § 5, he is entitled to her custody.

We do not find it necessary to determine the question urged by plaintiff in error herein, for, under the findings of fact of the trial court, it appears that the trial court rightly considered of paramount importance the welfare and best interests of the child. This is in accordance with section 6584, C. O. S. 1921, 1504, O. S. 1931, 30 Okla. Stat. Ann. § 11, and in accordance with the repeated holdings of this court in numerous cases. Hamann v. Miesner, 148 Okla. 50, 297 P. 252; Richards v. Christy, 150 Okla. 221, 1 P. 2d 168; Ex parte Yahola, 180 Okla. 637, 71 P. 2d 968; Wallace v. Wallace, 145 Okla. 303, 292 P. 1111; Morris v. Morris, 81 Okla. 222, 198 P. 70.

The trial court had all the parties before it, and, having given full consideration to the claims of both the parents, determined the best interests and welfare of the child required his decree placing said custody in plaintiff. Having reviewed the entire record, we are of the opinion that the findings of the trial court are not against the clear weight of the evidence, and we must therefore affirm his judgment.

It is noted that the trial court failed to make an order relating to visitation of the child by the respondent. Respondent, as the father of said child, is entitled to have the opportunity of visitation at reasonable and regular intervals. Upon a remand of this cause the trial court will make a proper order relating to visitation of the child by respondent.

The judgment of the trial court is affirmed, with directions to make and enter an order permitting visitation of the child by respondent upon such terms and under such conditions as appear to the court to be reasonable and proper.

BAYLESS, C. J., WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur. RILEY and DAVISON, JJ., dissent.