95 So.2d 268

**Anthony Eugene BAUGH, pro ami., Rosie Baugh,**

v.

**Daniel T. MADDOX.**

8 Div. 902.

Supreme Court of Alabama.

May 9, 1957.

Clark E. Johnson, Jr., Albertville, for appellant.

Scruggs & Scruggs, Guntersville, for appellee.

MERRILL, Justice.

Appeal from a decree sustaining a demurrer to the original bill of complaint, as amended, for lack of equity, and dismissing the bill because it could not be amended so as to contain equity.

The complainant, suing by his mother as next friend, alleges that he is a minor, born out of wedlock, and that the respondent had been judicially adjudged and ascertained to be his father in a bastardy proceeding in the Circuit Court of Marshall County, and that the sum of $100 per year for ten years, commencing January, 1957, which was adjudged against respondent as a result of the bastardy proceedings, will be totally inadequate for complainant's support, maintenance and education. The bill alleges the inability of the mother and the ability of the respondent to support and maintain the complainant.

The question presented is—can an illegitimate minor child, where his father has been convicted and so adjudged in a bastardy proceeding, require support of his father by proceedings in equity? The trial court answered in the negative and we are compelled to affirm such a result.

There is no legal duty on the part of the father to support a bastard child except as expressly provided by statute. Simmons v. Bull, 21 Ala. 501, 56 Am.Dec. 257; Lewis v. Crowell, 210 Ala. 199, 97 So. 691; Law v. State, 238 Ala. 428, 191 So. 803; Davis v. Davis, 255 Ala. 488, 51 So.2d 876; Upton v. State, 255 Ala. 594, 52 So. 2d 824.

Under the bastardy statutes, it is the duty of such a father, when so adjudged, to pay up to a maximum of $100 per year for ten years, as was done in the case of respondent. Tit. 6, § 12, Code 1940.

The only other statutes applicable are our desertion and non-support statutes, Tit. 34, §§ 89–104. Under those statutes, § 94, exclusive and original jurisdiction is in the probate courts, except in counties having statutory juvenile or domestic relations courts.

There is no statute which gives equity jurisdiction of matters such as are sought to be here enforced. Davis v. Davis, 255 Ala. 488, 51 So.2d 876; Simmons v. Bull, 21 Ala. 501, 56 Am.Dec. 257. We might wish that the equity court did have jurisdiction of such matters, but this is a sociological problem which addresses itself to the legislature. We note that the appellant, in the case of Simmons v. Bull, supra, urged much the same argument that is presented by appellant in the instant case. The opinion in that case is applicable here. The court said:

"This was a bill filed by an infant by its next friend, charging that it was a bastard, begotten by the defendant, who, to avoid the statutory liability for its support, has removed beyond the jurisdiction of this State, leaving property belonging to him in the county of St. Clair. The bill prays that publication may be made, and that provision may be made for the support of the infant out of the property of the defendant. The Chancellor dismissed the bill for want of equity.

"At the common law, a bastard was said to be filius nullius. His natural father may die never so rich, and he may be upon the parish, yet he took

none of his estate, unless left to him by will. In the absence of a statute, the father is under no legal obligation to support him; and the statute prescribes the mode, and the only mode, by which this support can be obtained. The case before us shows the necessity for further legislation on the subject. Our duty, however, is plain; as we have no power to make, but only to administer the law, and there is no provision of either the common or statute law authorizing this proceeding, the Chancellor properly dismissed the bill, and his decree must consequently be affirmed."

It follows that the decree of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.