99 So.2d 195

**Imogene BAGWELL et al.**

**v.**

**Arthur Lee POWELL.**

**4 Div. 943.**

Supreme Court of Alabama.

Dec. 19, 1957.

Alto V. Lee, III, and Huey D. McInish, Dothan, for appellants.

J. Theodore Jackson, Dothan, for appellee.

**PER CURIAM.**

Respondents in a bill in equity bring this appeal from a final decree providing for complainant's visitation with twin boys of whom complainant is the putative father: said twins having been born out of wedlock.

The case was heard on the pleadings and evidence of witnesses examined ore tenus in open court. That evidence is not in the record—for what reason we do not know. So that, the review must be based on the assumption that the evidence supports the facts found by the court as set out in the decree. We quote the finding and decree, as follows:

"The Court finds from all the evidence in this case that Ronald Earl Powell and Donald Gerald Powell are the twin sons of plaintiff, Arthur Lee Powell, and the defendant, Imogene Bagwell, born to them on March 5, 1957 as a result of their union out of wedlock. Plaintiff has recognized said infants as his own and has legitimated and acknowledged his paternity of them by filing in the Probate Office of Houston County, Alabama, his declaration of paternity in writing as provided by the 1940 Code of Alabama, Title 27, section(s) 11 and 12.

"Defendants Imogene Bagwell and Kenneth Bagwell are wife and husband and the said twin infants reside with and are in the custody of the defendants in their home in Dothan, Alabama.

"Plaintiff, Arthur Lee Powell has the right of access to and is entitled to visit and associate with his said infant sons at reasonable and convenient times, under reasonable conditions, and to a

reasonable extent. It would be to the best interest of said infants for the plaintiff to be permitted to exercise his right of access to and visitation and association with his said children, and plaintiff is entitled to the relief prayed for in bill of complaint.

"It is, therefore, hereby considered, ordered, adjudged and decreed by the court that:

"1. The defendants, Imogene Bagwell and Kenneth Bagwell are and each of them is hereby ordered and directed by the court to permit the plaintiff, Arthur Lee Powell, to have reasonable access to and to visit and associate with his two infant sons, namely Ronald Earl Powell and Donald Gerald Powell, whereever they may be, at reasonable times, under reasonable conditions, and to a reasonable extent, and said defendants are ordered and directed to make arrangements reasonably convenient to plaintiff and defendants for plaintiff to have such access. Defendants are further ordered and directed by the court to keep the plaintiff advised of the address where said children are domiciled, and not to take said children or either of them beyond the jurisdiction of this court without first having obtained permission of the court to do so.

"2. The plaintiff, Arthur Lee Powell, is hereby ordered and directed by the court to exercise his said right of access to and association and visitation with said children in a proper, reasonable, and decorous manner, and at all times to show full and proper respect for the rights and conveniences of the defendants.

"3. The costs incurred in this case are hereby taxed against the defendants, for which execution may issue.

"4. Jurisdiction of this case is retained by the court for the purpose of making of any and all orders and decrees relating to the welfare of said infants as the circumstances may require."

Reliance is had by appellants on the case of Baugh v. Maddox, Ala., 95 So.2d 268,[1] which was a suit in equity brought in the name of a bastard child by his next friend against the putative father seeking provision for support. The respondent had been adjudged to be the father of the child in a bastardy proceeding as provided in Title 6, section 1 et seq., Code, and provision was made for the payment of $100 annually for ten years for the child's support. But it was alleged that such amount was wholly inadequate for his support, maintenance and education. The denial of relief was based on the theory that there was no legal duty on the part of the father to support a bastard child except as expressly provided by statute; and that the bastardy proceeding above mentioned is the only statutory provision. Therefore, the provision there made must measure the child's right to support from the putative father.

■ Of course that case is based upon the status which then existed. It had no reference to one where the putative father had legitimated the child as provided in Title 27, section 11, Code. A compliance with that statute results in rendering the child capable of inheriting the estate of the adopting parent as if the child had been born in wedlock. We think the inference is clear that when the statute is complied with the child not only is capable of inheriting as a legitimate child would, but such putative father puts himself in the attitude of a legitimate parent with respect to the child's maintenance and support. It is a public declaration which cannot be denied. There are only two procedures which serve to legitimate a bastard and make him capable of inheriting from his father. They are section 10, Title 27, Code, by the putative father marrying the mother and recognizing

his paternity of the child; and pursuing the course provided for in section 11, Title 27, supra. Lingen v. Lingen, 45 Ala. 410.

The authorities hold, as expressed in 10 C.J.S. Bastards § 17, p. 84, that "a father has a legal right to reasonable access to his bastard child, where he contributes to its support, and there is no showing that such right would be detrimental to the child's best interests". Baker v. Baker, 81 N.J.Eq. 135, 85 A. 816; Strong v. Owens, 91 Cal.App.2d 336, 205 P.2d 48.

 But this right of visitation by the putative father should not be dependent upon evidence of actual support and maintenance unless there is a failure or refusal to do so on demand. It is not always so conditioned. Ex parte Hendrix, 186 Okl. 712, 100 P.2d 444.

It appears that these children were born on March 5, 1957. This bill was filed August 9, 1957. No question of a failure or refusal to support seems to have been presented. Complainant alleges in the bill that he stands ready, able and willing to support the children. We think there is a duty to support arising out of the legitimation proceeding discussed above. On the facts as found by the trial court appellee is entitled to visit the children but he should not be the judge of the details incident thereto. There should be an order of court fixing reasonable and regular intervals and other details for such visitation. Ex parte Hendrix, supra.

Appellants' answer alleges in substance that appellee seeks to use a decree of the court permitting visitation by him as an excuse to gain an opportunity to disrupt the peace and tranquility of the life of the mother and of her present husband; and that it will have such a tendency. There is some merit in that contention. We think the generality of the decree of the court should be modified so it will not be left to appellee to decide when it would be reasonable and appropriate for the visitation to occur, the place where and the length of time it should continue. The court should determine those details subject to change to meet changed conditions which may arise.

The decree of the trial court should be reversed and the cause remanded with instructions that the decree conform to the foregoing directions.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded with instructions.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.